Russell SCARATO et al., Plaintiffs,

Russell Scarato, Plaintiff-Appellant,

v.

Charles HAYWARD et al., Defendants-Respondents.

Russell SCARATO et al., Plaintiffs-Respondents,

v.

HAYWARD REALTY CO., Defendant-Appellant.

Nos. 33174, 33229.

St. Louis Court of Appeals.
Missouri.

Sept. 16, 1969.

Albert G. Beyer, St. Louis, for plaintiff-appellant and plaintiffs-respondents.

Charles Hayward, St. Louis, for defendants-respondents and defendant-appellant.

SMITH, Commissioner.

This matter reaches us on cross-appeals from the action of the trial court in granting defendant's motion for new trial on the limited ground that one instruction was erroneous. Plaintiffs had received a jury verdict for $500.00 actual and $1,000.00 punitive damages on a petition charging defendant with refusal to return an earnest money deposit. The jury returned a verdict in plaintiffs' favor on defendant's counterclaim. The trial court granted defendant's motion for new trial on the basis that plaintiffs' verdict-directing instruction submitted disjunctively two inconsistent theories, one based on the existence of a contract and the other based on nonexistence of the same contract.

We cannot tell from the transcript who the defendant is. Plaintiff in his notice of appeal refers to Charles Hayward as the defendant; defendant refers to the defendant as Hayward Realty Company; the caption on the transcript says Hayward Realty Company; plaintiffs' amended petition refers to both; the verdict and judgment refer only to "defendant." The judgment here is in favor of "plaintiffs" (Russell Scarato and his wife) but the appeal is by Russell Scarato only.

■ Defendant's notice of appeal does not set forth what he (or it) is appealing from other than the judgment and the granting of a new trial in his (its) favor. Defendant has not provided us with a brief. We dismiss defendant's appeal, No. 33,229 pursuant to Civil Rule 83.09, V.A.M.R.

■ We turn to plaintiff's appeal. At the outset we are met with a transcript which contains apparently every paper filed in the cause including abandoned pleadings, notices to take up motions, pleadings of defendants who were dismissed out by plaintiffs prior to trial, orders removing the case from dismissal dockets, assorted motions, interrogatories, objections to interrogatories, answers to interrogatories, and requests for admissions. None

of the evidence at the trial has been included, no statement of points with material facts established as provided in Rule 82.16 V.A.M.R. is included, and no summary of the evidence is provided. Although the transcript contains the usual stipulation on exhibits, the stipulation is unsigned by either counsel, and no exhibits have in fact been filed, not even the original of the contract under which the case was brought. We have no way of knowing whether the interrogatory answers and requests for admissions or any of them, were offered or admitted into evidence. Nothing presented on this appeal raises any questions concerning the procedures in the Circuit Court prior to the trial, and no conceivable basis exists for including the mass of pre-trial skirmishing found in this transcript. Rule 82.14 V.A.M.R. specifies with particularity the matters to be included in the transcript, and those matters to be omitted from the transcript. Well over half of this transcript consists of matters *specifically required to be omitted* by Rule 82.14. Rule 82.16 provides that the evidence may be omitted where appellant desires to have reviewed only legal questions with respect to instructions. But where such a course is followed appellant is required to file in the trial court a statement of the points relied on by the appellant which shall show what material fact or facts the evidence tended to prove. This document should be included in the transcript. A notice was filed by appellant in the trial court referring to a statement of facts but the statement of facts appears nowhere in this transcript. We are therefore left without the slightest inkling of the issues tried or the evidence adduced.

■ We turn now to plaintiff's brief. The statement of facts contains no indication of the facts adduced and consists solely of a statement of the verdict received, the court's action on defendant's after trial motions, and the instruction the court found erroneous. This is not compliance with Rule 83.05(c), V.A.M.R. The brief contains nine points. Numbers 2

through 9 make no reference whatsoever to any action of the trial court but consist solely of abstract statements of law in direct contravention of Rule 83.05(e), V.A.M.R. Point 1 states the Court erred in setting aside the verdict without any citation of authority or specific reason and follows this with subdivisions A through D which again state abstract principles of contract law unrelated to any action of the trial court. For example, point 1 B. is: "Silence or inaction may under certain circumstances amount to an acceptance." This may correctly state the law. But we are unable to see what it has to do with the court's ruling that the instruction was erroneous. The clause found objectionable by the trial court was, " * * * That the offer was not accepted or the conditions precedent to contract did not occur during the term of said document." What silence or inaction has to do with the case we are left to guess. The other statements of law are equally obscure as they relate to the action of the trial court. The argument is a page and a half in length, and adds nothing to clarify what we are expected to decide.

■ The rules governing the content of transcripts and briefs are set out in the Rules of Civil Procedure. They are clear and easy to follow. We have generally been liberal in not dismissing appeals because of failure to comply with the strict requirements of the rules, preferring normally to determine the merits of a controversy in keeping with Rule 83.24, V.A.M.R. But here the violations of the transcript rules and the brief rules are so extreme that we are left to operate in a vacuum and asked to make a legal determination without facts, law, or theory before us. Appellant bears the burden of demonstrating that the trial court erred in its ruling ordering a new trial. This he has failed to do. We find no good cause shown for the violations above set forth nor does the interest of justice require us to ignore the violations. Pursuant to Rule 83.09, V.A.M.R. we affirm the order of the trial court granting a new trial in No. 33,-174, and remand the cause for new trial. In No. 33,229 we dismiss the appeal.

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the order of the trial court granting a new trial in No. 33,174 is affirmed and the cause remanded for new trial, and in No. 33,229 the appeal is dismissed.

WOLFE, P. J., BRADY, J., and BRUCE NORMILE, Special Judge, concur.