**Lewis L. WARD and Mary L. Ward, Appellants,**

v.

**W. P. JOHNSON, Substitute Trustee, and Farm and Home Savings Association, a corporation, Respondents.**

**No. 25626.**

Missouri Court of Appeals, Kansas City District.

April 24, 1972.

A. J. Falcone, Kansas City, for appellants.

Robert L. Ewing, Nevada, for respondents.

PER CURIAM.

This is an appeal from a judgment entered June 17, 1970, dissolving a temporary restraining order and entering a judgment for defendants on plaintiffs' petition. The petition was for an injunction to restrain the sale of realty under a Deed of Trust. The case was submitted below to the court without a jury and upon stipulated facts and documents.

Briefly, the agreed facts showed that the plaintiffs purchased some real estate, and under the terms of the sale they assumed and agreed to pay an existing promissory note secured by a deed of trust held by the defendant Farm and Home. Both the note and deed of trust contained acceleration clauses providing that if any deficiency in the payment of any monthly installment under the note was not made good prior to the due date of the next such installment, the holder of such note could exercise an option of treating the remainder of the debt due and payable. It was further provided that failure to exercise such option would not constitute a waiver of the right to exercise the option in the event of any subsequent default.

The plaintiffs were in arrears on some payments in the spring of 1969 and they were advised in writing (Defs' Exh. No. 4) that if they did not bring the payments to a current basis by May 2, 1969, the whole unpaid balance would be due. In the same communication, the plaintiffs were advised that no further default would be tolerated without the balance of the note being declared due in its entirety. The payments were made upon a current basis for a few months, but the plaintiffs came into default again for the October and November, 1969 payments and they were advised by certified mail under date of November 13, 1969 that the entire unpaid balance of the note was due and payable according to its terms (Defs' Exh. No. 5). The December, 1969 payment was defaulted. There was some evidence that tender was made of some or all of these monthly payments after the acceleration option had been exercised, but such tender was not accepted by Farm and Home.

Beginning in March, 1969, the notice of Trustee's Sale was advertised and the sale set for April 10, 1970.

On April 9, 1970, this suit was filed seeking to enjoin the sale under the Deed

of Trust and on that date the court below made an "Order to Show Cause" as to why a temporary injunction should not be granted and set the hearing thereon for April 23, 1970.

On May 7, 1970, the matter was submitted to the Court upon stipulated facts and documents and thereafter on June 17, 1970, the judgment herein appealed from was entered.

■ This appeal must be dismissed for the failure of the plaintiffs to comply with the applicable rules relating to appeals.

Neither party below requested either a written opinion or findings of fact and conclusions of law.

■■ No motion for a new trial is necessary for appellate review of a case tried without a jury. Russell v. Russell, Mo., 427 S.W.2d 471–475; State ex rel. Community Heating and Air Conditioning Co. v. Schwartz, Admrx., Mo.App., 452 S.W.2d 243–250; St. Louis Teachers Association v. Board of Education, Mo., 456 S.W.2d 16, 18; Rule 79.03. However, under Rule 73.01(c), a party to a court tried case may file a motion to amend judgment or a motion for a new trial, or both, not later than fifteen days after entry of judgment. The plaintiffs chose to file a motion for a new trial only, and it is now part of the record in this Court. It sets forth two alleged grounds, namely:

1. That the judgment of the Court in this case is against the weight of the evidence.

2. That the judgment of the Court is against the law and the evidence in this case.

■ The alleged errors set forth in plaintiffs' motion for a new trial are wholly inadequate to either present them properly at the trial level or preserve them here upon appeal. Robbins v. Robbins, Mo., 328 S.W.2d 552; Schneider v. Southwestern Bell Tel. Co., Mo.App., 413 S.W.2d 16, (a court tried case).

The notice of appeal filed herein under Rule 82.08 (now Rule 81.08) designates the judgment appealed from as the order of the trial court on *September 2, 1970* (T. 16/17), which was an order overruling plaintiffs' motion for a new trial. The final judgment of the court below was entered *June 17, 1970* (T. 16). This fault might be excused, since there was only one appealable judgment, that of June 17, 1970.

■ However, Rule 83.05 (now Rule 84.04, effective 1/1/72) relating to the contents of briefs, requires a jurisdictional statement. Under this heading in their brief, plaintiffs state:

"* * * Since the amount in dispute is less than $30,000.00, this Court has jurisdiction. Sec. 477.040 R.S.Mo.1969."

Such general statement does not comply with Rule 83.05(b) (nor present Rule 84.04(b)), is a conclusion, and insufficient.

■ Plaintiffs' statement of facts in their brief does not comply with Rule 83.05(c) (d) (now Rule 84.04(c) (h)), in that no specific page references to the transcript or exhibit numbers are set forth.

Plaintiffs' points and authorities in their brief state:

"The Trial Court Erred in Dismissing Plaintiffs'-Appellants' Petition for Injunction Because, in a Proper Case, a Tender of Arrears After Default and Acceleration May Prevent Foreclosure."

■ This is merely an abstract statement of law, without any showing of any relation to this case or any action of the trial court, and does not comply with Rule 83.05(e) (now Rule 84.04(d)). The decisions condemning this practice are myriad. Chase Realty Co. v. Dorel Company, Mo., 437 S.W.2d 65; Scarato v. Hayward, Mo. App., 446 S.W.2d 135; Troyer v. Click, Mo.App., 457 S.W.2d 221; Cases collected Missouri Digest App. & Error 758(3). The same rule applies to appellate review

of cases tried below by the Court. Boyd v. Boyd, Mo.App., 459 S.W.2d 8, 12.

The point relied on here by the plaintiffs is not only an abstract statement of law, but is completely devoid of any suggestion as to how or in what manner it is claimed that any action of the trial court was erroneous. Nothing is presented for review by this point.

 Neither does the Argument contained in plaintiffs' brief comply with Rule 83.05(d) (now Rule 84.04(e), (h)), which requires specific transcript page references.

This record would almost impel the conclusion that there was a predetermined or studied failure to comply with the rules relating to appeal. These Rules of Civil Procedure are the result of decades of experience, refinement, review and simplification, calculated to promote and speed the processes of justice. There are valid reasons for each of them. They are calculated to serve the interests of justice and thus of all our citizens. They should and must be substantially followed and not disregarded. The courts in the past have meticulously pointed up the reasons for each rule, laid down simple examples and guidelines, and indulged in generous forgiveness and excuse for deviation.

But modern realities no longer permit a disregard of these standards by either the bench or the bar.

Rule 83.09 (now Rule 84.08) declares that upon an appellant's failure to comply with the rules relating to briefs, this Court will dismiss the appeal or affirm the judgment "unless good cause is shown or the interests of justice otherwise require".

Since this case involves the foreclosure of the plaintiffs' home, we have carefully studied the entire record and the exhibits and the authorities cited by the parties, but can find no valid reason why the trial court's judgment was erroneous or why justice would require any alteration

thereof. The trial court's judgment is supported by and in accord with the record and with Brown v. Kennedy, 309 Mo. 335, 274 S.W. 357, and Thielecke v. Davis, Mo., 260 S.W.2d 510.

The appeal is dismissed.