**Delbert LEWIS, Appellant,**

v.

**COLUMBIA MUTUAL INSURANCE CO., Respondent.**

**No. 11099.**

Missouri Court of Appeals, Southern District, En banc.

Sept. 10, 1979.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 3, 1979.

Application to Transfer Denied Nov. 14, 1979.

William H. McDonald, Lynn C. Rodgers, Woolsey, Fisher, Whiteaker & Stenger, Springfield, for appellant.

Hamp Ford, Marvin E. Wright, Knight, Ford, Wright, Atwill & Parshall, Columbia, for respondent.

PER CURIAM:

Plaintiff appeals from an adverse judgment after a jury trial and verdict against him. His sole contention on appeal is that the court erred in giving an instruction, at the request of defendant, defining "windstorm". No definition instruction for "windstorm" is provided in MAI.

The transcript on appeal contains none of the evidence. Rule 81.16[1] provides a procedure for omitting evidence in the transcript when an appellant desires only to have reviewed legal questions with respect to instructions. This rule provides that a statement be filed showing the points relied on by the appellant and what material fact or facts the evidence tended to prove. The respondent has the option of admitting that the statement is correct, or denying it and requiring that evidence be included. No such statement is shown in the transcript.

On the present record, we conceivably could determine if the instruction was improper. That would be but a portion of our duties. If we determine that the instruction is erroneous, then we must decide its prejudicial effect. Rule 70.02(c). We cannot reverse, unless we find error was committed against the appellant "materially affecting the merits of the action". Rule 84.13(b). This determination cannot be made on conjecture. *Farrar v. Moore,* 416 S.W.2d 711 (Mo.App.1967). In the absence of evidence or the statement required by Rule 81.16, any determination as to how the error affected the merits would be based on conjecture. It was the duty of the appellant to furnish a transcript conforming to the rules of civil procedure and containing information sufficient for this court to determine the questions on appeal. Rules 81.-12 and 81.14; *Empire Gas Corp. v. Randolph,* 552 S.W.2d 82 (Mo.App.1977). As the transcript does not contain evidence necessary for a determination of the issues or the statement provided for in Rule 81.16, it does not comply with Rules 81.12, 81.14 or 81.16. *Scarato v. Hayward,* 446 S.W.2d 135 (Mo. App.1969).

We recognize the holding in cases such as *Murphy v. Land,* 420 S.W.2d 505 (Mo.1967), that deviations from MAI will be presumed prejudicially erroneous, and the burden of establishing lack of prejudice is on the proponent of the instruction. Even if we find that "windstorm" should not be defined or that the instruction was not drafted in keeping with Rule 70.02(e), as plaintiff contends, we should not reverse when we have no record before us to determine if prejudice could have occurred. To reverse, based only upon such a presumption or burden of proof, would not be a

1. All references to Rules are to V.A.M.R.

finding that error was committed materially affecting the merits of the action and would be in violation of Rule 84.13(b). Appellant had the responsibility to furnish us a sufficient transcript to make that determination. This was not done. We do not have the information before us to determine the materiality of any error. We cannot speculate on the effect of the instruction, if it was error. Therefore, we must affirm the judgment.

The judgment is affirmed.

All concur.