**Raymond "Red" HALL, Respondent,**

v.

**Warren and Betty COOPER, Appellants.**

**No. WD 35983.**

Missouri Court of Appeals, Western District.

May 21, 1985.

Joseph L. Flynn, Candace J. Barnes, St. Joseph, for appellants.

Alden S. Lance, Savannah, for respondent.

Before PRITCHARD, P.J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

The plaintiff Hall constructed a new room to the dwelling house owned by the defendants Cooper sued and recovered for the labor and materials. The cause of action was submitted to a jury under instructions. The defendants Cooper appeal the judgment entered on the return of verdict.

The defendants Cooper frame the appeal as a review of legal questions concerning instructions. Rule 81.16 enables an appellant who submits for review only legal questions on instructions to designate the parts of the trial record, as well as the evidence, the suitor intends as the record on appeal. The rule also provides for a statement of the issues the appellant intends to present on appeal, and "what material fact or facts the evidence tended to prove." The procedure allows the respondent option to augment the record, enlarge the issues on appeal, and deems the statement agreed to unless the respondent evinces disagreement. The respondent

Hall made no answer to the designation or statement, and so the rule deems his agreement that only the issues delineated by the Cooper statement are for review and that the designation of the record by Cooper suffices for that purpose. Rule 81.16.

The record on appeal designated by the Coopers consists of: the petition as finally amended, the answer and affirmative defense, Instruction No. 7 as unaltered and as altered, Instruction No. 8, the judgment entry and the order denying the motion for new trial. The record, conspicuously, includes none of the evidence, the presubmission conference among the judge and the counsel, final argument or any other aspect of the proceeding which bears on the validity of the submissions the appellants now impugn. Nor does the record on appeal contain any stipulation as to any fact.

The petition alleges an oral contract to construct a new room onto the Cooper dwelling at the price of the cost of labor and materials, that Hall performed at the cost of $11,804.62, and that $6,122.77 remained unpaid. The answer admits an oral contract for the construction, but for the stated price of $7,000. The answer alleges further that the construction was not done in a skillful and workmanlike manner, and that the sum already paid—$5,681.85—exceeds the reasonable value of the materials and labor used. The reply added a demand for prejudgment interest. The jury returned a verdict for Hall for $5,406.08 with prejudgment interest of $1,054.19.

The pleaded express oral contract notwithstanding, the cause was submitted on a theory of quantum meruit. The issues framed under the Rule 81.16 procedure are

that the verdict director Instruction No. 7 and damages Instruction No. 8 are erroneous in form and substance, conflict, and prejudiced the verdict. The statement elaborates: Instruction No. 7 was in the form of 26.06 [the model for use when the terms and breach of a bilateral contract are in issue],[1] and not in the form of MAI 26.05, prescribed for quantum meruit. The briefs concur that prior to actual submission, the parties agreed to elide the term *cost* from proposition First of Instruction No. 7, and to substitute the term *value* in place.[2] That amendment, the litigants concur, was somehow slighted and Instruction No. 7 was submitted in the original form. The appellants Cooper complain that Instruction No. 7 as given did not submit the proven quantum meruit cause of action, but an express contract cause of action, and that the error prejudiced them. They complain that Instruction No. 8, a quantum meruit *reasonable value* measure of damages presented a theory of recovery in conflict with the verdict director, and so compounded the prejudice.

These contentions are valid. The submission of a quantum meruit theory [which the parties agree was what the evidence proved] by a bilateral contract breach instruction is error, *simpliciter*. The conjunction of a bilateral contract breach instruction with a quantum meruit damages instruction is error compounded. That noncompliance with mandatory MAI constitutes error, "its prejudicial effect to be judicially determined." Rule 70.02(c). The burden to prove that the error was not prejudicial is allocated to the proponent of the instruction. *Brown v. St. Louis Public*

---

1. Instruction No. 7 submits:
 Your verdict must be for Plaintiff if you believe: First, Plaintiff and Defendants entered into an agreement whereby Plaintiff was to make certain repairs and improvements to Defendants' dwelling house by furnishing the labor and materials therefor, and Defendants agreed to pay to Plaintiff the reasonable *cost* of such labor and materials, and
 Second, Plaintiff performed his agreement, and
 Third, Defendants failed and refused to perform their agreement, and

 Fourth, Plaintiff was thereby damaged. [emphasis added]
 That submission replicates MAI 26.06—*Verdict Directing—Breach of Bilateral Contract—Terms and Breach in Issue.*

2. The amendment intended that component of proposition First to read: "and Defendants agreed to pay to Plaintiff the reasonable *value* of such labor and materials, and" [emphasis added]—and thus, presumably, to transform the model into a valid quantum meruit submission.

*Service Company,* 421 S.W.2d 255, 259[3] (Mo. banc 1967); *Sullens v. Roberts,* 624 S.W.2d 510, 512[4, 5] (Mo.App.1981). In the absence of such proof, the prejudice presumed from the error of instructions which by the very formulation confuse and mislead becomes adjudicated. *Shurtz v. Jost,* 597 S.W.2d 652, 655[3] (Mo.App.1979). The verdict was returned for plaintiff Hall under a verdict director inapt for the proven submission [and that, even with the intended elision] and under a damages instruction at odds with the verdict director. The submissions were prejudicial and presumptively erroneous.

 The proponent of the instructions, Hall, argues simply that the verdict proves the jury was neither confused nor misdirected, and rests on that. A suitor, quite evidently, cannot propose as proof of nonprejudice the very self-contradictory instructions which give rise to the presumptive error he is called upon to dispel to save the verdict the instructions return. That requires resort to whatever incidents of the trial proceedings [reported by transcript or record on appeal] the suitor considers bear to prove the nonprejudice of the error. *Fowler v. Park Corporation,* 673 S.W.2d 749, 756[13] (Mo. banc 1984). The plaintiff, however, made no response to the designation of the record on appeal and the statement of the issues formulated by the defendant for the limited review procedure under Rule 81.16—and so forfeited the prerogative to embellish the record to allow scope to demonstrate that the instructions, albeit irregular, were not prejudicial. Instructions which confuse and mislead are prejudicially erroneous. *Long v. REA Express Company,* 573 S.W.2d 62, 66[7, 8] (Mo.App.1978). Instructions which intermingle inconsistent guides for recovery are prejudicially erroneous. *Braun v. Lorenz,* 585 S.W.2d 102, 109[8–10] (Mo.App.1979). Instruction No. 7, the verdict director, submits a theory not proven, and Instruction No. 8, the measure of damages, confounds the verdict director even as missubmitted. The plaintiff Hall does not attempt to show that these palpable errors were not prejudicial. The judgment must be reversed.

In *Lewis v. Columbia Mutual Insurance Company,* 588 S.W.2d 161 (Mo.App. 1979), the court refused review of an instruction under Rule 81.16 because the appellant neglects to tender the respondent the statement of the issues intended for appeal as well as what material facts the evidence tended to show on those issues—a prerequisite for review under that distinctive procedure. The court noted [l.c. 162[1–3] ] that, whatever the particular review procedure employed, the duty to furnish the court of appeals with the information sufficient for an informed determination of the questions presented rests on the appellant—a duty that appellant did not acquit under the procedure adopted for the review, Rule 81.16.

The defendants Cooper faithfully complied with all that Rule 81.16 imposed. The neglect of the respondent Hall to contest to the designation of the record on appeal and of the issues for review proposed by the appellants, by the peremptory direction of Rule 81.16 constituted an admission "that the respondent agrees that the statement is correct and that a transcript of the evidence need not be included in the record on appeal." In the absence of evidence or other transcript entries sponsored by the respondent to show that the prejudice from the instruction errors was only presumptive, the very formulations of the instructions—inapt and confused—demonstrate actual prejudice to the appellants Cooper.

The judgment is reversed and the cause remanded.

All concur.