SNYDER BROTHERS COMPANY,
et al., Plaintiffs,

and

McKee Construction Company,
Plaintiff-Appellant-Respondent,

v.

LIBRARY LANDHOLDERS, INC.,
Defendant-Respondent,

and

Coy Blagg and Caesar Sam, Jr., d/b/a
Coy Blagg Wrecking Company,
Defendant-Appellant,

Henry Parker, Defendant-Appellant.

Nos. 14037, 14023, 14463, 14024
and 14465.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 15, 1986.

Philip A. Glades, David Robards, Jopline, for plaintiff-appellant-respondent, McKee.

Leo W. Schrader, Joplin, for defendant-respondent, Library Landholders, Inc.

William J. Fleischaker, Roberts, Fleischaker & Scott, Joplin, for defendants-appellants, Blagg and Parker.

PER CURIAM.

This case originated when McKee Construction Company (McKee) and other plaintiffs filed suit against defendant, Coy Blagg and Caesar Sam, Jr. (Blagg and Sam), a partnership, d/b/a Coy Blagg Wrecking Company, Henry Parker d/b/a A and A Wrecking Company (Parker), and Desco, Incorporated, d/b/a Dyke Explosives Service Company (Dyke). In Count II of the petition, which is the only count involved in this appeal as it was severed for trial, McKee was seeking payment for material and labor allegedly requested by those defendants during rescue operations undertaken by McKee after men employed to demolish the Connor Hotel in Joplin, Missouri, were buried under tons of rubble as a result of a premature collapse of the hotel. As a result of the rescue effort of McKee and others, one man was saved, while two others died. The suit also sought to impress a mechanic's and materialmen's lien to secure payment of the alleged debt on the land upon which the hotel had stood, which was owned by Library Landholders, Inc. (Library).

Although the building collapsed on November 11, 1978, McKee's lawsuit was not tried, for one reason or another, until September 24, 1984. Parker had filed an answer in the nature of a general denial, but failed to appear in person or by counsel on the day of trial. The case was tried before a jury.

After hearing evidence, the trial court directed a verdict for McKee against Parker. In that regard, the trial court made the following docket entry: "Motion P D/V vs. △ Parker A & A sustained. Judgment McKee v. Parker." The trial court then submitted to the jury the claims of McKee against Blagg and Sam, Dyke, and Library Landholders. The jury returned a verdict in favor of McKee against Blagg and Sam in the amount of $24,363.50, and verdicts in favor of Library Landholders and Dyke against McKee. After the jury had returned its verdicts, the trial court made the following docket entry. "Judgment accordance verdict A vs. Blagg 24363 50/100 favor Desco and Library McKee recover nothing."

Motions for new trial were filed on behalf of Parker, Blagg and Sam, and a motion for judgment notwithstanding the verdict was filed by McKee in his claim against Library Landholders. All of the motions were overruled, following which the trial court, on November 13, 1984, made the following docket entry: "Judgment P vs. / Parker A and A 24363 50/100 and / Blagg 24363 50/100 + costs." Blagg and Sam then filed a notice of appeal in this court (No. 14023), as did Parker (No. 14024) and McKee (No. 14037). Thereafter, because the after-verdict docket entries made by the trial court did not even remotely resemble a judgment, we remanded the case to the trial court for entry of a proper judgment.

Judgment was entered on August 12, 1985, after which Blagg and Sam, as a precautionary measure, filed a second notice of appeal (No. 14463), as did Parker (No. 14465). Even though the notices of appeal in cases Nos. 14023, 14024, and 14037 were prematurely filed, as no final judgment from which appeal would lie had been entered at the time of their filing, those notices are considered as timely filed after final judgment was entered. Rule 81.05(b).[1] In the interest of judicial econo-

my, all five appeals have been consolidated here for the purpose of appellate review.

During our review, we noted from the record that the trial judge stated to the attorneys, among other things: "This case has been sloppily tried from the beginning to the end.... As I view the instructions I [will] probably have to grant a new trial.... I doubt seriously this case will ever see the light of day in the Court of Appeals without a new trial." He was right.

■ We first consider the appeals of Blagg and Sam (Nos. 14023 and 14463) which are in reality only one appeal, as previously noticed. They alleged, among other things, prejudicial instructional error in the submission to the jury of instructions No. 7, 8, and 9. Instruction No. 7, which was McKee's verdict directing instruction against Blagg and Sam reads as follows:

Your verdict must be for Plaintiff and against Coy Blagg Wrecking Company if you believe:

FIRST, Plaintiff furnished valuable services to Coy Blagg Wrecking Company, and

SECOND, Coy Blagg Wrecking Company accepted the benefits of such services, and

THIRD, The conduct and acts of Plaintiff and either or the conduct and acts of Coy Blagg Wrecking Company combined with the conduct and acts of any person acting within the scope and course of employment with Coy Blagg Wrecking Company were such as to imply an agreement that payment would be made for such services.

This instruction is inconsistent with the allegations of McKee's petition against Blagg and Sam for the reason that the petition seems to allege that McKee furnished labor and materials for the rescue effort, at the request of Blagg and Sam, while the instruction allows the jury to find for plaintiff on a different basis than that pleaded. The instruction seems to justify recovery on the basis of an implied con-

1. Unless indicated otherwise, all references to    rules are to Missouri Rules of Court, V.A.M.R.

tract, while the petition seems to seek recovery on the basis of an account stated. Instructions which direct recovery on a different theory than that pleaded and proved are erroneous. *Kraus v. Kraus*, 693 S.W.2d 869, 873 (Mo.App.1985); *Koehler v. Burlington Northern, Inc.*, 573 S.W.2d 938, 943 (Mo.App.1978).

■ In addition, its third paragraph does not make sense. Instructions should be understandable by a reasonably intelligent jury. *Penberthy v. Penberthy*, 505 S.W.2d 122, 130 (Mo.App.1973). It could be construed to mean that McKee could recover from Blagg and Sam, based on the conduct of *any* person acting within the scope and course of their employment with the Coy Blagg Wrecking Company, which conduct might imply an agreement on the part of Blagg and Sam to pay for McKee's services, without stating who those persons were, or what conduct on their part implied an agreement that Blagg and Sam would pay McKee's bill. An instruction that is confusing and misleading and gives the jury a roving commission to speculate on what they must find in order to return a verdict is prejudicially erroneous. *Hall v. Cooper*, 691 S.W.2d 507, 510 (Mo.App. 1985); *Shurtz v. Jost*, 597 S.W.2d 652, 655 (Mo.App.1979).

■ We further observe instruction no. 8, which is an attempt to define some sort of agency relationship between Parker and Blagg and Sam, is also prejudicially erroneous, because it fails to require a finding that any representations Parker may have made to McKee that McKee's bill would be paid were authorized in some fashion by Blagg and Sam. *See Empson v. Missouri Highway and Transportation Commission*, 649 S.W.2d 517, 521 (Mo.App.1983).

■ Instruction No. 9, which defines "[a]cts 'were within the scope and course of employment'" of one James Redyke was also prejudicially erroneous, for the reasons we have expressed concerning instruction no. 8, and for the further reason that there is no evidence in the record to show that Redyke, who was one of the subcontractors on the job, was an employee or

agent of Blagg and Sam. An instruction must be supported in its entirety by evidence from which the jury can reasonably determine the issue submitted in the instruction. *Hopkins v. Goose Creek Land Company, Inc.*, 673 S.W.2d 465, 467 (Mo. App.1984).

■ We also note in passing that in McKee's suit against Blagg and Sam, he seems to be suing them as a partnership in that paragraph three of McKee's Count 2 in the multi-plaintiff multi-count petition alleges, "[t]hat Defendants, Coy Blagg and Ceasar [sic] Sam, Jr., Partners, is a partnership d/b/a Coy Blagg Wrecking Company." Since a partnership cannot sue or be sued under Missouri law, *Allgeier, Martin and Associates v. Ashmore*, 508 S.W.2d 524, 525 (Mo.App.1974), it is dubious whether, on the basis of the petition's allegation as to status of Blagg and Sam, that a judgment against them as individuals could stand.

■ We turn next to the appeals of Parker (Nos. 14024 and 14465). Parker did business as A and A Wrecking Company, and was employed as a subcontractor on the demolition project. There was evidence introduced at trial to the effect that after the building collapsed, Parker, after learning that workmen were trapped under tons of rubble, became overcome with grief, and was unable to supervise rescue operations. McKee was one of the contractors who responded to a media call for help initiated by Joplin City officials. At trial, McKee testified that Parker indicated that he would pay McKee's bill if insurance did not cover the cost of the rescue operation.

It is clear from a reading of the record that McKee tried his case on the theory that Parker was the agent of Blagg and Sam, as was evidenced in the statement of McKee's attorney during a bench conference, when he said "[T]he evidence is quite clear, I believe, that Mr. Parker was acting on behalf of Coy Blagg Wrecking Company at the time of the collapse and at all other times...." If McKee claims that Parker was the agent of a disclosed principal

(Blagg and Sam), Parker could not be held liable on an agency basis on a contract entered into by Parker on behalf of Coy and Blagg, since the contract is with the disclosed principal. *Hamilton Music v. Gordon A. Gundaker Real Est.*, 666 S.W.2d 840, 845 (Mo.App.1984). On the other hand, if McKee claims that Blagg and Sam were undisclosed principals, at the time their alleged agent (Parker) made representations to McKee regarding payment, then the trial court had no business in giving a directed verdict against Parker, and then submitting to the jury the claim against Blagg and Sam arising out of the same transaction and based on the same facts, as it is settled law that one who has dealt with the agent of an undisclosed principal may elect to hold liable either the agent, or upon learning the facts, the principal, but he cannot hold both. *Burckhardt v. Gen. Am. Life Ins. Co.*, 534 S.W.2d 57, 71 (Mo.App.1975). By allowing the case to go to the jury against Blagg and Sam, the trial court must have felt that evidence had been introduced from which the jury could believe Blagg and/or Sam agreed they would be personally liable for McKee's bills, or that Parker was acting as an agent for Blagg and Sam with authority to bind them to pay the bills. Either finding would be inconsistent with the finding that Parker was personally liable, and judgments based on inconsistent findings cannot be upheld.

■ The remaining issue is McKee's appeal (No. 14037). In it, McKee contends the trial court erred in denying his motion for judgment notwithstanding the verdict, and in overruling its motion for new trial filed after the jury verdict because McKee was entitled to have the real estate owned by Library Landholders impressed with a lien to secure payment of McKee's expenses incurred in the rescue attempt as a matter of law.

The law pertaining to mechanics' and materialmen's liens is contained in Chapter 429 of the Missouri statutes. Section 429.010, RSMo 1978, provides, in part:

"Every mechanic or other person, who shall do or perform any work or labor upon, or furnish any material, fixtures, engine, boiler or machinery for any building, erection or improvements upon land, or for repairing the same, under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of sections 429.010 to 429.340, shall have for his work or labor done, or materials, fixtures, engine, boiler or machinery furnished, a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are situated, to the extent of three acres; or if such building, erection or improvements be upon any lot of land in any town, city or village, or if such building, erection or improvements be for manufacturing, industrial or commercial purposes and not within any city, town or village, then such lien shall be upon such building, erection or improvements, and the lot, tract or parcel of land upon which the same are situated, and not limited to the extent of three acres, to secure the payment of such work or labor done, or materials, fixtures, engine, boiler or machinery furnished as aforesaid...."

The issue of whether the land should be impressed with a lien was submitted to the jury in Instruction No. 12 which reads:

Your verdict must be for Plaintiff and against Defendant Library Landholders, Inc., and you must impress a lien on the land owned by Library Landholders, Inc., if you believe:

FIRST, Plaintiff provided valuable services on such land between November 11, 1978 and November 16, 1978, and

SECOND, Plaintiff did so at the request of Coy Blagg Wrecking Company combined with the request of persons acting within the scope and course of their employment with Coy Blagg Wrecking Company, and

THIRD, Coy Blagg Wrecking Company had contracted with Library Landholders, Inc. to provide the services furnished by Plaintiff, and

FOURTH, Plaintiff has not been paid, and

FIFTH, Plaintiff is entitled to recover the reasonable value of the services furnished from Coy Blagg Wrecking Company.

This instruction is subject to the same fatal deficiencies previously noted in other instructions mentioned in connection with Blagg's appeal. It is confusing and speculative, as you cannot tell from the instruction who the "persons acting within the scope of their employment" are, or what, if anything, they had said or done to prove or even infer that they were any of the persons named in the statute, whose actions or omissions could justify impressing the land with a lien. Under those circumstances, the judgment entered on the lien issue is without legal foundation.

For the reasons stated, the trial court's judgment, with the exception of that small part upholding the jury's verdict that Desco, Incorporated was not liable to McKee Construction Company, which issue was not appealed and is not before us, is reversed, and the cause remanded for a new trial on all other issues.

All concur, except FLANIGAN, J., concurs in result.