ENVIRONMENTAL QUALITY RE-
SEARCH, INC., a corporation,
Plaintiff/Appellant,

v.

MERCANTILE TRUST NATIONAL
ASSOCIATION, a corporation,
Defendant/Respondent.

No. 61587.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 30, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 3, 1993.

Application to Transfer Denied
June 29, 1993.

James A. Stemmler, Lupo & Stemmler,
St. Louis, for plaintiff/appellant.

Mary Catherine Bonacorsi, Thompson &
Mitchell, St. Louis, for defendant/respondent.

CRANE, Judge.

Plaintiff brought a two count action against the defendant bank for damages arising out of the bank's action in stopping payment on a cashier's check. After a trial on the merits, the jury returned a verdict in favor of defendant bank and the trial court entered judgment thereon. Plaintiff appeals, contending that the trial court erred in giving Instruction 7 which set out defendant's affirmative defense of failure of consideration. We do not reach the merits of the claim of instructional error. We dismiss the appeal on the ground that the record on appeal is insufficient under either Rule 81.12(a) or 81.16.

■ Rule 81.12(a) provides that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented...." Under this rule the appellant must file a transcript and prepare a legal file so that the record contains all the evidence necessary for a determination of questions presented to the appellate court for a decision. *Cain v. Richart,* 781 S.W.2d 265, 266 (Mo.App.1989).

■ The rules recognize and provide for certain situations in which a full record is not required. Where an appellant desires to raise only legal questions with respect to instructions given and a review of the evidence is unnecessary to pass on those legal questions, the appellant can proceed under Rule 81.16. That rule provides that it is not necessary for the appellant to include the evidence in the record on appeal. However, it does give an appellant the option of designating evidence to be included in the record on appeal. It requires an appellant to file and serve "a designation of the parts of the trial record, proceedings, and evidence which he intends to include in the record on appeal and a statement of issues he intends to present on appeal." The statement of issues is further required to show "what material facts the evidence tended to prove."

Rule 81.16 further provides that a respondent shall serve and file a designation of any additional parts of the trial record, proceedings and evidence that respondent deems necessary and any additional issues respondent intends to present on appeal. The rule ends with the following caution: "Failure of the respondent to serve and file such indication shall constitute an admission and agreement that the respondent agrees that the statement is correct and that a transcript of the evidence need not be included in the record on appeal."

Plaintiff attempted to proceed under Rule 81.16. It filed a document with three designated parts. Part I listed 10 issues which plaintiff intended to present on appeal relating to Instruction 7. Instruction 7 submitted defendant's affirmative defense under § 400.3–306 RSMo 1986 of failure of consideration against one who is not a holder in due course.

Part II consisted of the following paragraph:

The facts which the following stated evidence and record in III below will tend to prove are, that failure of consideration was not sufficiently proved, that the failure of consideration, if any, was on the part of a person (EDN) different than the plaintiff; that plaintiff gave, in the form of services rendered, sufficient consideration to EDN for the funds represented by the $8,400.00 cashier's check; That plaintiff, in good faith, changed its position in reliance on payment, that there was no proper evidence linking the EDN bank account to any purchase of the cashier's check or linking plaintiff to the purchase of the cashier's check.

Part III designated parts of the record and evidence intended to be included in the record which included the testimony of two witnesses. Defendant did not designate any additional issues for appeal or any additional parts of the record, proceedings or evidence necessary to the appeal in response to this document. Simultaneously with its filing of its Rule 81.16 document, plaintiff filed a designation of the contents of the legal file and a statement that the record on appeal would be composed of a legal file and a transcript. Plaintiff also filed a letter addressed to the court report-

er requesting the preparation of the transcript as designated.

■ Plaintiff sought and obtained an 83 day extension to file the transcript due to the *court reporter's backlog*. Plaintiff subsequently filed a transcript which did not contain any of the evidence listed in its designation. Instead the transcript contained two sentences from defense counsel's opening statement, two offers of proof that were not before the jury, and plaintiff's motion for directed verdict. This record is wholly inadequate to review the issues raised.

In the first place, the issues raised by plaintiff on appeal do not relate solely to legal questions, but require a review of the evidence. Plaintiff's points on appeal challenge Instruction 7 on factual as well as legal grounds. As part of its second point plaintiff contends that "the instruction was erroneous, because neither the facts hypothesized nor the *facts of the case* supported a finding of failure of consideration in the purchase of the cashier's check." (emphasis added).

■ Furthermore plaintiff's overall contention in both points one and two that Instruction 7 was erroneous requires a review of the evidence. There is no MAI instruction for the defense of failure of consideration against one who is not a holder in due course. Since there is no MAI instruction, any error in an instruction given on that defense is not presumptively prejudicial, as it would be if the instruction had deviated from an applicable MAI instruction. *Sooter v. Magic Lantern*, 771 S.W.2d 359, 362 (Mo.App.1989). In this situation the burden of demonstrating prejudice falls on the party challenging the instruction. *Id.* Even if plaintiff could show that Instruction 7 failed to follow the substantive law or was defective in other respects, plaintiff must still demonstrate that the error resulted in prejudice to its cause. *Hall v. Cooper*, 691 S.W.2d 507, 510 (Mo.App.1985). This requires a review of the evidence on appeal. *Id.* Under these circumstances, plaintiff should not have attempted to proceed under Rule 81.- 16.

We have examined the record plaintiff did file and find it wholly inadequate to enable us to review whether Instruction 7 was supported by the evidence or was prejudicial. The record consists of a legal file, two exhibits (the cashier's check and a bank statement), and a partial transcript which contained only proceedings that were not in evidence. As a result of plaintiff's failure to file a transcript containing any of the admitted evidence at trial, plaintiff cannot satisfy its burden of demonstrating prejudicial error.

Plaintiff argues that, because defendant did not file a counterdesignation to plaintiff's Rule 81.16 designation of issues and record, it was not required to file a transcript, citing Rule 81.16, and was not required to file any evidence, citing *Scarato v. Hayward*, 446 S.W.2d 135, 136 (Mo.App. 1969). Plaintiff further argues that the "statement" in Part II of its designation was admitted by defendant and we can review on the basis of those admissions. Plaintiff misconstrues Rule 81.16 and *Scarato*.

Before it was amended in 1979, Rule 81.16 provided that no evidence was required to be filed unless the respondent requested that the evidence be included. As presently written Rule 81.16 provides a procedure whereby both parties can designate evidence to be included in the record on appeal. Nothing in the language of the rule indicates that the designated record on appeal is not to be filed. Plaintiff designated transcribed evidence as part of the record on appeal. It should have filed that evidence with the record on appeal. We do not know whether that evidence was sufficient to enable us to review the issues raised on appeal, but without that evidence, no review is possible.

The *Scarato* case was decided prior to the current amendment of Rule 81.16. It is not authority for plaintiff's argument that evidence designated to be included in the record on appeal under the current rule need not be filed. Further, the provision in Rule 81.16 that a "transcript" need not be filed refers to the obligation to file a full transcript under Rule 81.12. The rule al-

lows the parties to proceed with the record designated under Rule 81.16 instead of under Rule 81.12. The provision that a "transcript" need not be filed does not apply to transcribed testimony which has been designated to be included in the record on appeal.

██ Plaintiff argues that we can review on the basis of Part II of its designation which it refers to as a "statement." The statement required by Rule 81.16 is the statement of issues which must show "what material fact or facts the evidence tended to prove" in the context of an appeal relating to solely legal issues. Plaintiff's purported "statement" does not comply with the rule. It is not a part of its statement of issues and does not state what material facts the evidence tended to prove. It consists wholly of conclusions of law challenging the sufficiency of evidence at trial on contested issues on which defendant apparently prevailed. By not responding to plaintiff's designation with a designation of additional issues or evidence, defendant agreed that there were no other issues for review and the plaintiff's designation of the record was sufficient for that purpose. *Hall*, 691 S.W.2d at 508–09 (Mo. App.1985). Defendant's failure to file a counterdesignation was not an admission that the argumentative matter contained in Part II of the designation was true. Plaintiff's purported "statement" was not admitted by defendant and provides no basis for us to review the issues raised on appeal in the absence of a record.

The issue of the deficiency of the record was briefed by both parties and addressed at oral argument. Because of the lack of a sufficient evidentiary record, the appeal should be dismissed. Defendant's motion to supplement the record on appeal is denied as moot.

Dismissed.

CARL R. GAERTNER, P.J., and CRAHAN, J., concur.