Diana SULLIVAN, Appellant,

v.

Charles J. SPEARS, Respondent.

No. WD 47118.

Missouri Court of Appeals,
Western District.

Jan. 11, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1994.

Charles Edward Weedman, Jr., Harrisonville, for appellant.

Eric T. Swanson, Kansas City, for respondent.

Before BRECKENRIDGE, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

The plaintiff is the mother of a 14–year old boy, Brian Sullivan, who died as the result of an intersectional collision between the ATV (all-terrain vehicle) on which he and a second boy were riding, and a truck driven by the defendant, Charles J. Spears.

The verdict of the jury fixed plaintiff's damages at $175,000. The verdict apportioned 80 percent of the fault to plaintiff's deceased son, and 20 percent of the fault to defendant.

Plaintiff has appealed.

. ■ Plaintiff in her appeal says, for her first point of error, the trial court erred in sustaining defendant's motion in limine to exclude evidence that defendant had been convicted upon his plea of guilty to a criminal charge of leaving the scene of this particular accident, and in confining plaintiff to showing that defendant had been convicted of leaving the scene of *an* accident. The plaintiff, the defendant and the trial court treated this conviction as being offered to affect defendant's credibility, in accordance with section 491.050, RSMo 1986, although plaintiff's counsel said at one point that the conviction also tended to prove defendant's negligence. Plaintiff says here on appeal only that the evidence should have been admitted for credibility under section 491.050, and does not contend the conviction tended to show defendant's negligence.[1] Plaintiff argues here that she should have been permitted to show that the leaving-the-scene-of-an-accident charge grew out of this particular accident.

Second, plaintiff says (as we understand her brief) the court erred in giving a comparative fault instruction which allowed the jury to find that plaintiff's deceased son was negligent even if he was a passenger on the ATV, and the other rider was the operator. Plaintiff's argument is that plaintiff's deceased son could only have been negligent if he was the operator. Plaintiff says the testimony made an issue of this fact, and it should have been submitted to the jury.

Plaintiff's third complaint is that the court erred in sustaining defendant's motion in limine to prevent plaintiff from cross-examining defendant with respect to his post-accident "contradictory statements and conduct surrounding his act of leaving the scene of the accident."

■ With respect to the points related to the exclusion of evidence, and the limitation of cross-examination, we note first that a complaint about a trial court's in limine ruling preserves nothing for appellate review. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992); *Littles v. Cummins*, 854 S.W.2d 45, 46 (Mo.App.1993). An in limine evidence ruling is tentative and subject to change by the trial court. If the court rules in limine that certain evidence will be excluded, the proponent still must make an offer of proof. The court is not bound by its in limine ruling, and may admit the evidence when offered. If the evidence still is excluded upon offer of proof, the proponent may predicate error on the exclusion. But there is another reason we are unable to review these allegations of error.

The transcript which has been supplied to us contains none of the trial evidence, not a single word of the testimony of any witness, nor any exhibit. The above skeletal factual account we have taken from the pleadings and the briefs, from the legal file, and from a transcript which contains only exchanges among the trial judge and the lawyers. It is

1. While a conviction could ordinarily not be shown to prove the facts of the crime in the civil lawsuit growing out of the same incident, see *Lewis v. Wahl*, 842 S.W.2d 82, 94 n. 5 (Mo. banc 1992) (Thomas, J., concurring opinion), *citing Fisher v. Gunn*, 270 S.W.2d 869, 876–77 (Mo. 1954), a defendant's guilty plea would constitute a judicial admission of the facts charged, see *Hagan v. State*, 836 S.W.2d 459, 464 (Mo. banc 1992), *citing United States v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989); *Lewis*, 842 S.W.2d at 94 n. 5, *citing Franklin v. Friedrich*, 470 S.W.2d 474 (Mo.1971).

the appellant's task to furnish us a record which will enable us to determine the issues raised on his appeal. Rule 81.12(c); *Flora v. Flora*, 834 S.W.2d 822, 823 (Mo.App.1992); *Lewis for Brown v. McKenzie*, 779 S.W.2d 28, 29 (Mo.App.1989); *Ellis v. Farmers Ins. Group*, 659 S.W.2d 3, 4 (Mo.App.1983).

■ In some cases, a transcript of the evidence might not be necessary on appeal. Rule 81.16. In others, some evidence, having no bearing on the issues on appeal, might be omitted from the transcript. Rule 81.12(a); *Environmental Quality Research, Inc. v. Mercantile Trust Nat'l Ass'n*, 854 S.W.2d 500, 501 (Mo.App.1993); *Daniels v. Griffin*, 769 S.W.2d 199, 201 (Mo.App.1989). But here the appellant attempts to present an issue of the allowability of cross-examination with reference to "contradictory statements and conduct surrounding his act of leaving the scene of the accident." Presumably, the plaintiff wanted to elicit from the defendant admissions that he had made prior statements which were inconsistent with his trial testimony. The review of that issue would require at a minimum the testimony of the witness sought to be impeached, including the testimony to which his prior statements were claimed to be inconsistent.

■ With respect to plaintiff's desire to prove defendant's conviction of leaving the scene of *this particular* accident, as opposed to leaving the scene of *an* accident, we notice that the trial court ruled, "I am going to permit the plaintiff to prove the date the conviction occurred and the guilty plea occurred." The court went ahead to say: "As you've indicated, you may have something that may give rise to your being able to more proximate when it happened, when he did it, but we'll wait and reserve that for trial." As noted, we have no record of defendant's testimony, and how, or if, the conviction came in on cross-examination. Plainly, the court by its *in limine* ruling did not foreclose the plaintiff's attempt during trial to renew her attempt to prove the defendant's conviction and to show it grew out of the instant accident.

■ As to error in the comparative fault instruction offered by defendant, again we are at sea, unable to determine if the hypotheses of the instruction are supported by evidence. We cannot review the propriety of the instruction in a vacuum. *McMenamy v. Main*, 686 S.W.2d 874, 875 (Mo.App.1985); *Lewis v. Columbia Mut. Ins. Co.*, 588 S.W.2d 161, 162–63 (Mo.App.1979). No error has been preserved for review.

Judgment affirmed.

All concur.