**Nikala EVANS, Plaintiff–Appellant,**

v.

**WAL–MART STORES, INC., Defendant–Respondent.**

**No. 71845.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 8, 1998.

Stephen M. Tillery, Charlene N. Kass, East St. Louis, IL, for plaintiff/appellant.

James E. Whaley, Thomas J. Plunkert, St. Louis, for defendant/respondent.

ROBERT G. DOWD, Presiding Judge.

Nikala Evans appeals the judgment entered on a jury verdict in favor of Wal–Mart. Evans alleges the trial court abused its discretion and erred when it granted a motion in limine: (1) excluding the expert testimony of custom and practice; (2) excluding expert testimony that would have assisted the trier of fact; and (3) excluding expert testimony regarding computer data of prior injuries at Wal–Mart stores. We affirm.

On July 15, 1990, Evans and her friend went to the Wal–Mart in Camdenton, Missouri, to look for a bat bag. They arrived shortly before closing time and the store was nearly empty. They asked a worker in the sporting goods department where the bat bags were and he took them to the shelf with bat bags. He then returned to his work of re-stocking shelves. As Evans and her friend were looking at the bags on the floor, a 16–pound box of clay target traps fell and

hit Evans causing injuries. The clay targets had been stacked on risers that were above the regular shelving. Evans was taken by ambulance to the hospital as a result of her injuries. The trial court entered a judgment for Wal–Mart on a jury verdict and this appeal followed.

■ Because the issues raised in Evans' points are interrelated, we will address them together. Evans contends that it was error to exclude the expert testimony of G. William Hite, previously a manager in various discount department stores, regarding the custom and practice of stacking merchandise and using risers in the discount retail sale industry reports because it would have assisted the trier of fact. Evans also contends the trial court erred in excluding Hite's testimony concerning computer print-out incident reports because it would have showed notice of such accidents and knowledge of the risk of harm.

In a pre-trial motion, Wal–Mart made a motion in limine to exclude the expert testimony of Hite, Evan's sole custom and practice expert. Evans made an offer of proof of Hite's testimony during the motion in limine hearing. Hite would have testified to the custom and practice of stacking merchandise and the use of risers in the discount department store industry. Evans also made an offer of proof as to the computerized incident reports. The trial court sustained Wal–Mart's objection to the offer of proof because this was not an area for expert testimony. The trial court ruled Hite's testimony was concerned with how the items were shelved and not with the custom and practice in the industry and the incident reports were not detailed with enough specificity to be admitted into evidence. The trial court granted the motion in limine. The court made a finding that Hite could testify as to facts within his own personal knowledge, but could not render expert opinion as to the cause of the incident or to the incident reports.

■ We first address whether these issues were preserved for appellate review. We are bound by Rule 84.13(a), which states in part, "allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case." A trial court's ruling on a motion in limine is interlocutory in nature and thus is not appealable. *Eckert v. Thole,* 857 S.W.2d 543, 546 (Mo.App. E.D.1993). An in limine ruling "is merely a preliminary expression of the court's opinion as to the admissibility of the evidence" and is subject to change when presented in the proper perspective in the trial of the case. *Brown v. Hamid,* 856 S.W.2d 51, 55 (Mo.banc 1993) (citing *Annin v. Bi–State Development Agency,* 657 S.W.2d 382, 385 (Mo.App. E.D.1983)). To preserve the issue of exclusion of evidence for appeal, an offer of proof must be made at trial demonstrating why the evidence is relevant and admissible. *Id.*

■ Consequently, when a motion in limine is granted, the proponent of the evidence, in order to preserve the issue for appellate review, must attempt to present the excluded evidence at trial and, if an objection to the proffered evidence is sustained, the proponent must then make an offer of proof. *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 646 (Mo.banc 1997) (citing *State v. Purlee,* 839 S.W.2d 584, 592 (Mo.banc 1992)). There are two main purposes for the offer of proof at trial. The first is to preserve the record for appeal so the appellate court understands the scope and effect of the questions and proposed answers in considering whether the trial judge's ruling was proper. *Wilkerson,* 943 S.W.2d at 646. The second is to permit the trial judge to further consider the claim of admissibility. *Id.* The trial court is not bound by its in limine ruling and may admit the evidence when offered at trial. *Sullivan v. Spears,* 871 S.W.2d 75, 76 (Mo.App. W.D.1994). "The trial court cannot foresee the circumstances under which the matter may be presented at trial, or how trial developments preceding the attempt to introduce the questioned evidence may effect its admissibility. For these reasons, an objection or offer of proof must be made so the trial court has the opportunity to consider such circumstances and developments and thus be enabled to make a reasoned and fully advised decision." *Robbins v. Jewish Hosp. of St. Louis,* 663 S.W.2d 341, 348 (Mo.App. E.D.1983); *Gage v. Morse,* 933 S.W.2d 410, 418 (Mo.App. S.D.1996). If the evidence is

still excluded upon offer of proof at trial, then the proponent may predicate error on the exclusion. *Sullivan,* 871 S.W.2d at 76.

In this case, Evans never attempted to admit Hite's testimony into evidence at trial nor did she ask the judge on the record at trial to reconsider the ruling on the motion in limine. Although Evans did present an offer of proof that was specific and sufficiently detailed, the offer of proof was done prior to the trial in the motion in limine hearing. There is nothing in the record that indicates any mention of the proposed evidence or the offer of proof made at trial. The pre-trial ruling presents nothing for appellate review. Points denied.

The judgment of the trial court is affirmed.

SIMON and HOFF, JJ., concur.