**William D. MAIN, Respondent,**

v.

**Betty A. MAIN, Appellant.**

**No. KCD 29039.**

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

Effie F. Day, Kansas City, Dwayne W. McConnell, Liberty, K. Colleen Nunnelly, Kansas City, for appellant.

Charles B. Cash, Kansas City, for respondent.

Before TURNAGE, P. J., and WASSER-STROM and SOMERVILLE, JJ.

PER CURIAM.

Proceeding to change child custody. The decree dated August 19, 1974, dissolving the marriage of these parties, awarded custody of two minor children to the mother and ordered the father to make monthly support payments. On May 11, 1976, the father filed a motion to amend the decree by changing custody of the boy, then ten years old, and the girl, then seven years old, to him, and the mother in due course filed a cross-motion to increase the amount of child support to be paid to her. The trial court granted the father's motion and denied the mother's motion. The mother appeals.

The mother's Points on Appeal can be condensed and summarized as follows: 1) that the father failed to carry his burden of proof to show a change of conditions since 1974 adversely affecting the children; 2) that there was no substantial evidence to show that a change was in the best interest of the children and the court's conclusion in that regard was against the weight of the evidence which failed to overcome the presumption in favor of custody to the mother; and 3) that the court erred in failing to increase child support payable to the mother.

The failure to increase child support follows a fortiori and drops out as an issue if the modification order changing custody to the father be correct. As to the latter question, Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) command affirmance unless the trial court committed an error of law or unless the judgment was not supported by substantial evidence or was against the weight of the evidence. Study of the briefs and scrutiny of the record discloses no error of law, shows the order to be supported by substantial evidence, and fails to leave a firm belief that the judgment of the trial court was wrong. We dispense with a detailed opinion, which would have no precedential value, under the authority of Rule 84.16(b).