Gwen A. WELCH, Appellant,

v.

Ronald Collin WELCH, Respondent.

No. WD 32084.

Missouri Court of Appeals,
Western District.

March 30, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied
May 4, 1982.

Willard B. Bunch, John Edward Cash, Kansas City, for appellant.

Stanley B. Cox, Sedalia, for respondent.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

CLARK, Presiding Judge.

In a contested proceeding to modify a marriage dissolution decree, the court ordered custody of two children transferred from the wife to the husband, and the wife appeals.

The marriage of Gwen and Ronald was terminated by a decree entered in 1978. Custody of the two children born of the marriage was awarded to Gwen. In February 1980, Ronald filed a motion to modify the order of custody and Gwen responded by a motion to increase child support. Successive hearings were conducted on both motions in May and June 1980 and, on the basis of evidence of Gwen's misconduct and neglect of the children, the court ordered custody transferred to Ronald. The custody change necessarily disposed of Gwen's motion as to child support.

The first point advanced by Gwen on this appeal complains that the trial court ordered an investigation pursuant to § 452.-390, RSMo 1978, but thereafter frustrated the process by arbitrarily and precipitously insisting on disposition of the case before the results of the investigation could be produced and utilized. Gwen argues that the report of investigation favored her side of the dispute and that she was prejudiced when the court chose to ignore potential evidence germane to the central issue. Some facts relative to the § 452.390 investigation must be recounted.

The motions for transfer of custody and increase in child support first came on for hearing May 15, 1980. Both parties offered the extensive evidence common to such disputes. In an interim disposition, the court granted Ronald temporary visitation, amounting to temporary custody, for a period of six weeks beginning June 9, 1980. A guardian ad litem was appointed for the children and the case was continued for further evidence.

The guardian ad litem moved for an investigation as provided in § 452.390, RSMo 1978 and on May 20, 1980 the court ordered the investigation to include a study of the homes maintained by both parents. Gwen had moved to California with the children in February 1980, and the home study request was therefore forwarded to the California agency. Ronald had lived in Sedalia but because his mobile home had been lost in a tornado, he had moved elsewhere engendering delay in processing the home study.

The next record of proceedings in the case is the report of a hearing conducted August 12, 1980. Both parties appeared and offered substantial evidence, much of which duplicated the testimony adduced in May. A representative of the Division of Family Services was called as a witness. He testified that the report of an investigation of Gwen's home made by California authorities at his request had been received the previous day. Copies had been furnished to counsel and to the guardian. No report of investigation as to Ronald's home had been made because of the change in his residence to another county. It was indicated that report would be completed in four to six weeks. With this information at hand, the court made the following observations:

"The Court may—might observe that no report has been received from the Division of Family Services in Missouri. The Court is informed that it will be at least another six weeks before one can be obtained and received. The Court has determined that under the circumstances the Court must proceed without it. The Court is informed that a home study has been received from the State of California today, I believe—perhaps. In any event, under the law of the State, the Court is not entitled to the home studies—reports unless they are placed in evidence by the parties * * *."

Thereafter Gwen's attorney offered the California home study report in evidence. Ronald objected on the ground the report was hearsay. The court stated that ruling on the offer would be reserved pending an opportunity for the court to examine the statute. At the close of the evidence, the court took the case under advisement. A written opinion was thereafter filed which bore the date of August 12, 1980 but was evidently delivered to the parties later. No ruling was made as to admission of the California home study report in evidence and the trial court's findings make no mention of the report or its contents.

■ Beyond question, the California report should have been excluded if, as the objection postulated, the content was hearsay. *In re Marriage of Cavitt*, 564 S.W.2d 53, 56 (Mo.App.1978). In fact, the statute itself anticipates that the investigative report will not constitute evidence because provision is there made for the investigator and persons consulted to be called as witnesses. The rationale for excluding a report offered to prove the facts recounted therein lies in fundamental entitlements to fair trial and due process which can only be served by calling the witnesses and subjecting them to examination and cross-examination. *Flickinger v. Flickinger*, 494 S.W.2d 388, 392 (Mo.App.1973).

The difficulty in the present case is that the trial court made no ruling on admission of the report and no affirmative showing demonstrates whether the court did or did not consider the content of the report in deciding the custody issue. Gwen assumes, first, that the report was favorable to her and, second, that the court did not take the report into account in reaching a decision. She therefore contends she was prejudiced because the case was decided while the issue of admitting the report pended and she had no opportunity to call witnesses to testify firsthand regarding the information otherwise conveyed by the hearsay report.

■ The trial court was remiss in not ruling on the objection and thereafter considering any request Gwen may have seen fit to make for an opportunity to adduce direct evidence of the facts contained in the report, if the court's decision was to sustain the objection. Gwen's assumption that the objection was sustained is not, however, well founded despite lingering uncertainty as to the effect the report may have had.

■ Generally, the burden is on the party raising an objection to insist on a ruling. Should he fail to do so, it is assumed the objection has been overruled and the evidence is in the record for consideration the same as other evidence. *Bergel v. Kassebaum*, 577 S.W.2d 863, 870 (Mo.App.1978); *State ex rel. State Highway Commission v. Hart*, 417 S.W.2d 193, 195 (Mo.App.1967). On this authority, Gwen's assumption that the report was not considered because the court sustained the objection cannot be accepted. Rather, the assumption must be that the objection was overruled. Whether the court actually considered the report is yet another question. The report was at hand during the August 12 hearing and was marked and offered although its physical disposition thereafter does not appear. Reservation by the court of a ruling on the objection would seem to suggest that the report remained available as the option to overrule the objection would otherwise have no vitality. At best, the record induces no firm belief either way.

The heart of Gwen's first point is in reality a contention that the report of the California inquiry contained facts so conclusive on the issue of custody that were those

facts to have been in evidence by legitimate proof, the trial court could only have reached a decision favorable to Gwen. Unfortunately, the validity of that argument cannot be assessed because the report has not been included in the record here.

It is the duty of an appellant to furnish a transcript containing information sufficient for the appellate court to determine the questions on appeal. Rule 81.12; *Lewis v. Columbia Mutual Insurance Co.*, 588 S.W.2d 161 (Mo.App.1979). Where exhibits are omitted from the transcript and are not filed with the appellate court, the intendment and content of the exhibits will be taken as favorable to the trial court's ruling and unfavorable to appellant. *Godsy v. Godsy*, 531 S.W.2d 547, 553 (Mo.App. 1975). We therefore conclude here that no error associated with submission of the California home study report prejudiced Gwen's effort to retain custody.

In a second and related point, Gwen contends the evidence of changed circumstances since the date the dissolution decree was entered was insufficient to support the alteration of custody. To sustain this claim, Gwen must demonstrate that the decision to transfer custody was not supported by substantial evidence, was against the weight of the evidence or was an erroneous application or declaration of the law. *In re Marriage of F____*, 602 S.W.2d 227 (Mo.App. 1980).

It is unnecessary to recount the evidence in detail. Suffice it to say that the record includes competent evidence from which the trial court was entitled to find that Gwen had engaged in promiscuous sexual conduct on more than one occasion in the presence of the boy, then age 5, and that she indulged in use of illegal drugs in the presence of both children. Evidence was also introduced tending to show that Gwen left the children unsupervised, failed to keep them clean and neglected their health. Such evidence was adequate to support the decision to change custody. *L.*

*L. T. v. P. A. T.*, 585 S.W.2d 157 (Mo.App. 1979); *In re Marriage of F____, supra.*

The judgment is affirmed.

All concur.