

v.

**Charles J. CARR, Appellant.**

**No. WD 34091.**

Missouri Court of Appeals,
Western District.

Sept. 27, 1983.

Before TURNAGE, C.J., P.J., and DIXON and CLARK, JJ.

### ORDER

**R.D.L., Petitioner-Respondent,**

v.

**J.G.S., Respondent-Appellant.**

**No. 12920.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 30, 1983.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for respondent-appellant.

Larry W. Meyer, Pettit & Meyer, Aurora, for petitioner-respondent.

PER CURIAM.

The date of the marriage of the father and mother is not shown by the record. A son was born to them on March 23, 1978. Their marriage was dissolved on May 14, 1980. The child was placed in the custody of the mother. The father was granted specified bi-weekly visitation, temporary custody one weekend per month, two weeks custody in the summer and on alternate Thanksgivings and Christmases. In this action the trial court modified the custody decree by placing the child in the custody of the father. The mother was granted visitation and periodic temporary custody similar to that previously granted the father.

■ The mother's point on appeal is that the judgment is not supported by the evidence. In presenting this point, she recites and tends to emphasize much conflicting evidence supporting her position. However, this court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. *L.H.Y. v. J.M.Y.*, 535 S.W.2d 304 (Mo.App.1976). There is substantial evidence of the following facts.

Since the dissolution the father has remarried. His present wife has in her custody a son by a prior marriage. This son is approximately the same age as the child in question. The two children are well adjusted and enjoy living together. The father is employed by his present father-in-law in farming. He also has additional part-time employment. The present wife is employed only in helping the father in his job of milking on the premises where they live. They have suitable living accommodations.

The mother, when she was 27 years old, remarried. Her present husband is 57 years of age. His children by a prior marriage do not live with them. He is employed in farming by the mother's brother. The mother is employed only in babysitting in her home for the 10-month-old son of her husband's 49-year-old brother. The mother and her husband have suitable living accommodations. The mother offered testimony, primarily of relatives, that the child had frequent association with her husband's nephews aged 9 years, 8 years, 4 years and 2 years. However, the child indicated this contact was infrequent. There was evidence the four-year-old child spent most of his time with his stepfather. He accompanied him in his farm work, to sale barns and to gatherings of associates of his stepfather. He had learned some profanity and had repeated an unsuitable phrase associated with male genitalia.

For an undisclosed period of time after the dissolution, when the father came for the child, the mother would tell the child the father did not love him. The child wanted to hide. This later stopped. Whether or not that was the result of a contempt proceeding filed by the father does not appear from the record. After the dissolution, the mother lived in a mobile home. There, when the child was at home,

she had male friends as overnight guests. She and the child lived with her present husband about two months before their marriage. In a one year period, she lived in four different places. In the presence of the child, she had threatened to kill herself. The child was said to suffer recurrent nightmares about the possibility. At times, the mother placed the child with the father because she was not in a position to care for him. In 1981, the child was with his father for 133 days.

A custody decree is to be modified when the court finds the modification is in the best interests of the child as provided in § 452.410. It is impossible to list or categorize the factors that can establish a basis for modification. That determination must be made on a case-by-case basis. For the resolution of this appeal, it is sufficient to observe the following factors have been held to provide, usually in combination, cause for modification. Promiscuous activity on the part of the custodial parent. *Welch v. Welch,* 633 S.W.2d 447 (Mo.App. 1982). The actual or attempted alienation of a child from a parent. *Christianson v. Christianson,* 592 S.W.2d 505 (Mo.App.1979). The unwillingness of a custodial parent to devote his or her personal attention to the care of the child. Or stated another way, conduct which demonstrates "a manifest lack of interest in the child." *H——— v. D———,* 373 S.W.2d 646, 654 (Mo.App. 1963).

The child, who was four years old at the time, in chambers, told the trial judge he wanted to live with his stepfather and his mother and go see his father and his stepmother. He said he did not get along well with his stepmother because she whipped him. It developed she punished the child in question and her child when the stepbrother "hit me first and I stomped on his foot real hard." The record shows that the father and stepmother administered wholesome discipline to the child in question and his stepbrother. Considered as a whole, the interview demonstrates the child is adjusted and happy living with the father and his stepmother and playing with his step-

brother and a neighbor boy. Under these circumstances, the expressed desire of the four-year-old child is not controlling. *Wells v. Wells,* 623 S.W.2d 19 (Mo.App.1981).

Following an initial hearing, the trial court entered a judgment of modification as outlined above. Then, upon the motion of the mother, that judgment was vacated for the purpose of permitting her to present additional evidence. A further hearing was held and the judgment of modification was again entered. This action and the record in general demonstrates the abiding concern of the experienced and able trial judge for the welfare of the child. The judgment of modification is supported by the evidence, *Main v. Main,* 559 S.W.2d 611 (Mo. App.1977), and the judgment is affirmed.

All concur.