Lei L. LOONEY, Appellant,

v.

Hubert E. LOONEY, Respondent.

No. 15692.

Missouri Court of Appeals,
Southern District,
Division One.

June 5, 1989.

Robert B. Hankins, Springfield, for appellant.

Jimmie A. Smith, Republic, for respondent.

HOLSTEIN, Chief Judge.

Appellant Lei L. Looney and respondent Hubert E. Looney were formerly married. They were divorced November 2, 1966. After approximately three years of living apart, Mr. and Mrs. Looney began to live together as a family again. With two significant interruptions, they continued to cohabitate until 1985.

Mrs. Looney filed this suit on March 2, 1987. She claims that she and Mr. Looney entered into an oral agreement before they began living together in 1969 that they would "share and share alike." In accordance with this alleged oral or implied contract, she contended at trial that one-half of the property accumulated during the period of cohabitation belongs to, and is due, her. Mr. Looney denies that there was ever any firm agreement. He denies ever receiving any money from Mrs. Looney for farm equipment or other support. While Mr. Looney admits he had no income after 1974, he claims to have lived off money he had in the bank and money his mother gave him. He was very clear that there was never any intent for Mrs. Looney to share in the farm which he purchased in his own name after their divorce. The trial judge found that Mrs. Looney failed to sustain her burden of proof and ruled in favor of Mr. Looney.

On appeal Mrs. Looney's sole point asserts:

> The trial court erred in rendering its decision in favor of Respondent for the reason that said decision was not based upon substantial evidence to support it, said decision was against the weight of the evidence or was against the weight of the credible evidence and said decision erroneously applied the law to the case.

This is merely a restatement of the standard of review set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The point fails to state wherein and why there was no substantial evidence to support the judgment, it does not state wherein and why the judgment is against the weight of the evidence, and it does not assert wherein and why the court erroneously applied the law. Consequently, Mrs. Looney failed to meet the requirements of Rule 84.04(d), Missouri Rules of Court (20th ed. 1989), and thereby preserves nothing for this court to review on appeal. *Best v. Culhane*, 677 S.W.2d 390, 394 (Mo. App.1984); Rule 84.13(a). Furthermore, plain error review is not sought, and a careful review of the briefs and record indicates no manifest injustice or miscarriage of justice. Rule 84.13(c). Accordingly, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.