**Matthew James DOYLE, Petitioner–Appellant,**

v.

**Nancy Yapit DOYLE, Respondent–Respondent.**

**No. 16104.**

Missouri Court of Appeals, Southern District, Division Two.

March 30, 1990.

Stephen P. Carlton, Johnston & Carlton, Carthage, for petitioner-appellant.

Robert C. Fields, Springfield, for respondent-respondent.

FLANIGAN, Presiding Judge.

This action for dissolution of marriage was instituted by Matthew Doyle against his wife Nancy Doyle. The parties, who will be referred to by their first names, were married on January 12, 1983, and separated on September 25, 1987. The trial was held on October 25, 1988, and the court entered a decree setting aside to Matthew, as his separate property, assets totaling $30,700. The marital property totaled $79,-117. The court awarded Matthew, as his share of the marital property, $46,020, but required him to pay $7,100 to Nancy, "as her equitable division of the marital property." Nancy's share of the marital property, including the $7,100 payment, totaled $40,197. Matthew appeals.

Matthew's sole point is that the court erred by making an unfair division of the marital property in that it failed "to set aside to [Matthew] the Merrill Lynch account as his separate property," and "failed to list the $16,000 which [Nancy] received at the time of separation."

"[T]he Dissolution of Marriage Act consigns the division of marital property to the sound discretion of the trial court. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64 (Mo. banc 1983). Appellate courts must defer to the trial court's judgment unless the judgment is improper under the principles of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or an abuse of discretion is shown."

*Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc 1984).

The trial court classified the Merrill Lynch account as marital property, valued it at $22,000, and distributed it to Matthew. Matthew's Exhibit 1, received into evidence by the trial court, was, according to Matthew's testimony, a list "of all your marital property and debt." Matthew also testified that Nancy and her attorney had used Exhibit 1 to "pen in," in blue ink, certain information. Matthew's Exhibit 1 has not been filed with this court. When an exhibit is omitted from the transcript and is not filed with the appellate court, the intendment and content of the exhibit will be taken as favorable to the trial court's ruling and as unfavorable to appellant. *Welch v. Welch*, 633 S.W.2d 447, 450 (Mo. App.1982); *Godsy v. Godsy*, 531 S.W.2d 547, 553[9] (Mo.App.1975).

Although Matthew testified with regard to the history of the Merrill Lynch account, neither the account itself nor any business record concerning it was introduced. Matthew testified that the present value of the account was $22,000. Matthew also testified that he had a Merrill

**622**

Lynch Visa card and that he could use the card to withdraw money from the account.

Nancy testified, on cross-examination by Matthew's counsel, that at the inception of the marriage the Merrill Lynch account had a balance of $120,000. During the marriage, according to Nancy, "it got completely to zero." She said the account lost $75,000 in 1983 or 1984.

Matthew testified that by 1984 the account was down to $15,000, and that money added to it "was my income during the marriage." Matthew had no judgment as to how much "income during the marriage" the account received. Although the record is not clear on when Matthew's employment in Saudi Arabia commenced, he worked there in 1986, and his wages for that year were $72,403. Wages earned by Matthew during the marriage are marital property. See § 452.330.[1]

"Sections 452.330.2 and 452.330.3 create a presumption that all property acquired by either spouse subsequent to the marriage is marital property, and the party attacking this presumption has the burden to show that property he claims as separate property falls within one of the enumerated statutory exceptions...."

*In re Marriage of Reed,* 762 S.W.2d 78, 81 (Mo.App.1988). (Citing authorities.)

In *Ortmann v. Ortmann,* 547 S.W.2d 226, 229[2] (Mo.App.1977), the court held that corporate stock, purchased during the marriage by the wife by having a portion of her salary withheld, "was made with earnings during the marriage, [and] the stock purchased with the marital proceeds became marital property regardless of how title was taken. § 452.330."

Although the trial court was not requested to make specific findings of fact, and did not do so, the foregoing evidence supports the inference that all of the funds in the account which were there at the inception of the marriage were expended and that the funds in the account at time of trial were derived from marital property. At least Matthew had the burden of showing

otherwise, and he failed to sustain it. Matthew has failed to show that the trial court erred in treating the Merrill Lynch account as marital property.

Matthew contends that the trial court erred in failing "to list the $16,000 which [Nancy] received at the time of separation." In September 1987, when the parties separated, Matthew gave Nancy $1,000 in cash and a check for $15,000. Nancy testified that at the time of the trial, only $2,000 remained. The $2,000 was penned in by Nancy on Matthew's Exhibit 1 which Matthew has failed to file here. The trial court treated the $2,000 item as marital property and awarded it to Nancy. She used $4,000 as a down payment on a Toyota, her only car. The trial court classified the Toyota as marital property and awarded it to Nancy. Nancy was unemployed for three months during the separation and she testified that she used the balance of the $16,000 for living expenses.

"[T]he proper date for valuing marital property in a dissolution proceeding is the date of trial." *Taylor v. Taylor,* 736 S.W.2d 388, 391[2] (Mo. banc 1987). Misconduct of a spouse in diverting marital property may be taken into account by the court in distributing marital assets. *Dreyer v. Dreyer,* 657 S.W.2d 363, 365[2] (Mo. App.1983). If there is substantial evidence that one spouse squandered marital property, the trial court is authorized to order reimbursement. *In re Marriage of Layton,* 687 S.W.2d 214, 216[2] (Mo.App.1984). There is no evidence here of such misconduct or squandering on the part of Nancy. Movant's point has no merit.

The judgment is affirmed.

HOGAN, C.J., and MAUS, J., concur.

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S.