Michael O'CONNOR, Respondent,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

No. 17854.

Missouri Court of Appeals,
Southern District,
Division One.

May 18, 1992.

Motion for Rehearing and Transfer to Supreme Court Denied June 9, 1992.

Jeffrey S. Maguire, Thomasson, Dickerson, Gilbert & Cook, Cape Girardeau, for appellant.

George W. Gilmore, Jr., Sikeston, for respondent.

CROW, Judge.

Plaintiff, Michael O'Connor, sued Defendant, State Farm Mutual Automobile Insurance Company, for indemnity under the collision and medical payments coverages in an insurance policy issued to Plaintiff by Defendant. The trial court heard the case without a jury and entered judgment for Plaintiff and against Defendant for $9,000 "property damage" and $5,000 "medical payments coverage."

Defendant appeals. The sole question presented is whether a cancellation notice, mailed by Defendant to Plaintiff almost 15 weeks before the incident that caused the losses, cancelled the policy.

In our review, we accept as true the evidence and inferences from it favorable to the trial court's judgment and disregard contrary evidence. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654[2] (Mo. banc 1989). Any fact issue on which no finding was made is considered as having been found in accordance with the judgment. *Id.* at 654[3]. Credibility of the witnesses and the weight to be given their testimony was a matter for the trial court, which was free to believe none, part or all of the testimony of any witness. *Herbert v. Harl,* 757 S.W.2d 585, 587[1] (Mo. banc 1988).

So viewed, the evidence establishes that on January 7, 1989, Defendant issued the subject policy to Kenneth Counts [1] insuring a GMC pickup for a six-month period.

In February, 1989, Mr. Counts sold the pickup to Plaintiff, notified an agent of Defendant about the sale, and asked the agent to transfer the insurance coverage to Plaintiff. In its answer to Plaintiff's petition, Defendant admits that when the policy was "transferred," Defendant's agent was asked to send any correspondence regarding it to Plaintiff at 115 East Main, East Prairie, Missouri.

At all times pertinent herein, Plaintiff resided at 410 Wilbur, East Prairie, Missouri. However, Plaintiff testified he had received his mail at the East Main address (the residence of his parents) the past five years.

At trial, Plaintiff identified Plaintiff's Exhibit 1 as a "declaration page" he received from Defendant by mail showing coverage from February 13, 1989, to July 7, 1989. This was evidently addressed to him at the East Main address.[2]

---

1. The petition describes Mr. Counts as Plaintiff's stepfather. At trial, Mr. Counts was referred to as Plaintiff's "father" and "dad."

2. Defendant failed to file the exhibits with us within the time required by Rule 81.15, Missouri Rules of Civil Procedure (1992). After the deadline, Defendant tendered one of the exhibits, but it was not Plaintiff's Exhibit 1. Of necessity, we draw our inferences about the contents of Plaintiff's Exhibit 1 from the testimony, mindful that when an exhibit is omitted from the transcript and is not filed with the appellate court, the intendment and content of the exhibit will be taken as unfavorable to the appellant. *Doyle v. Doyle,* 786 S.W.2d 620, 621[1] (Mo.App.1990); *Welch v. Welch,* 633 S.W.2d 447, 450 (Mo.App.1982); *Godsy v. Godsy,* 531 S.W.2d 547, 553[9] (Mo.App.1975).

Because Plaintiff was younger than Mr. Counts, Defendant determined Plaintiff owed a premium exceeding the sum Counts had already paid.

Defendant's evidence tended to show it mailed Plaintiff a "balance due notice" for the additional premium March 10, 1990, addressed to the East Main address. Plaintiff denied receiving any notice or bill for additional premium.

Defendant received no premium from Plaintiff, so on April 10, 1989, Defendant mailed a cancellation notice to Plaintiff, addressed to 410 Wilbur, East Prairie, Missouri. The notice stated the policy is cancelled effective April 23, 1989, due to nonpayment of premium.

Plaintiff testified he never received the notice.

On July 23, 1989, Plaintiff "had an accident." The pickup was destroyed, and Plaintiff was severely injured, resulting in medical bills.

The "Conditions" portion of the policy contains a section captioned: "5. Cancellation." It reads, in pertinent part:

How and When We May Cancel. We may cancel *your* policy by written notice, mailed to *your* last known address. The notice shall give the date cancellation is effective.

It will be mailed to *you* at least:

a. 10 days before the cancellation effective date:

(1) if the cancellation is because *you* did not pay the premium; or

(2) if the policy has been in force for 59 days or less.

The mailing of it shall be sufficient proof of notice.

b. 30 days before the cancellation effective date if:

(1) the cancellation is because of any other reason; and

(2) the policy has been in force for more than 59 days.

We will use certified mail.

We henceforth refer to the above excerpt as "the cancellation provision."

Defendant concedes it did not send the cancellation notice by certified mail.

At trial, Plaintiff maintained the purported cancellation was a nullity because Defendant failed to send the cancellation notice by certified mail.

The trial court's judgment was unaccompanied by findings of fact or conclusions of law, none having been requested.

Defendant's sole point relied on reads:

The trial court erred in ruling that the policy covered the loss of July 23, 1989 for the reason that a notice of cancellation does not have to be sent by certified mail under either state law or under the State Farm policy.

Because our review is limited to the claims of error presented in the points relied on, *Pruellage v. De Seaton Corp.*, 380 S.W.2d 403, 405[3] (Mo.1964); *Gover v. Empire Bank*, 574 S.W.2d 464, 468[1] (Mo. App.1978), we need not consider whether the judgment might be vulnerable to any other attack.

Cancellation of automobile insurance policies is governed by §§ 379.110–.120, RSMo 1986, as amended. Section 379.114, RSMo 1986, reads:

1. Except as provided in sections 379.110 to 379.120, no insurer shall exercise its right to cancel a policy except for the following reasons:

(1) Nonpayment of premium; or

. . . .

Section 379.118, RSMo 1986,[3] reads:

If any insurer proposes to cancel ... a policy of automobile insurance delivered.... in this state except at the request of the named insured or for nonpayment of premium, it shall, on or before thirty days prior to the proposed effective date of the action, send written notice by certified mail of its intended action to the named insured at his last known address....

Defendant asserts it is clear from the above statutes that the requirement that notice of cancellation be sent by certified

---

**3.** Section 379.118 was amended in 1989, but the effective date of the amendment was after Plaintiff's accident. The statute was amended again in 1990.

mail does not apply where cancellation is for nonpayment of premium. Defendant argues the cancellation provision in its policy (quoted earlier) "is set up essentially the same way." According to Defendant:

> Essentially, under the cancellation provision of the policy there are two different mailing provisions; one is headed "a" and one is headed "b". The "a" provision deals with cancellation for non-payment of premium and states "the mailing of it shall be sufficient proof of notice".

> The "b" provision has to do with cancellation for any other reason and states "we will use Certified Mail".

> Plaintiff's position is premised on the notion that a cancellation for non-payment of premium must be mailed by Certified Mail. This is not true. It is not required by the policy and it is not required by Missouri Statutes. The only type of cancellation which must be sent Certified Mail is a cancellation for some reason other than non-payment of premium. Section 379.118 RSMo 1986.

Consequently, says Defendant, the cancellation notice it mailed April 10, 1989, cancelled the policy effective April 23, 1989, even though the notice was not sent by certified mail. In support of its position, Defendant cites *McCoy v. Guarantee Trust Life Ins. Co.*, 240 S.W.2d 172 (Mo. App.1951).

*McCoy* does not aid Defendant. *McCoy* involved cancellation of "a policy of accident insurance." *Id.* at 173. The policy provided the company could cancel it by written notice mailed to the insured's last address, as shown by the records of the company. *Id.* at 173–74. The company mailed the insured a notice November 4, 1949, stating the policy had been cancelled effective October 19, 1949. On November 10, 1949, the insured sustained an injury in an automobile collision, and died four days later. The trial court found the cancellation notice satisfied all the policy requirements, hence the policy was cancelled before the accident. Affirming the judgment, the appellate court held the policy provision was clear and unambiguous, and the company's compliance with it effectively cancelled the policy.

According to Defendant, *McCoy* stands for the proposition that mailing a cancellation notice pursuant to policy provisions cancels the policy even if the insured never receives the notice.

█ While we have no quarrel with that proposition, we emphasize that strict compliance with all the policy requirements as to notice of cancellation is a prerequisite to cancellation. *Farrar v. Mayabb*, 326 S.W.2d 337, 340[2] (Mo.App.1959); *Farmers Mutual Hail Insurance Co. v. Minton*, 279 S.W.2d 523, 526[2] (Mo.App.1955). The burden of proving cancellation is on the party asserting it. *Farrar*, 326 S.W.2d at 341[4].

Plaintiff contends the cancellation provision here (quoted earlier) requires all notices of cancellation—including cancellation for nonpayment of premium—to be sent by certified mail.

In that regard, we note the cancellation provision begins by stating Defendant may cancel the policy by written notice mailed to the insured's last known address. At the end of paragraph "a," it says: "The mailing of it shall be sufficient proof of notice." The final reference to mail is at the end of the cancellation provision, where it says: "We will use certified mail."

Nowhere in the cancellation provision is there any reference to ordinary mail. The only description of the type of mail Defendant will use in sending notice of cancellation is certified mail.

It may be arguable that because the reference to certified mail comes at the end of the cancellation provision, the provision requires notice by certified mail only if cancellation is for the purposes set forth in paragraph "b," not for the purposes set forth in paragraph "a."

However, even if an argument can be made for that interpretation, we believe the provision is, at the very least, ambiguous.

█ Language in an insurance policy is ambiguous if it is reasonably open to different constructions, and language used will be viewed in the light of the meaning

that would ordinarily be understood by the layman who bought and paid for the policy. *Robin v. Blue Cross Hospital Service, Inc.,* 637 S.W.2d 695, 698[2] (Mo. banc 1982). Ambiguous language in an insurance policy is construed against the insurer. *Sisco v. American Family Mutual Insurance Co.,* 806 S.W.2d 409, 411 (Mo. banc 1991).

As we have seen, the sentence at the end of paragraph "a" of the cancellation provision states mailing of notice shall be sufficient proof of notice. Arguably, that could imply ordinary mail, not certified mail. However, the provision is silent as to how the fact of mailing shall be demonstrated. One way, of course, is to mail by certified mail and retain the receipt given the sender by postal authorities at the time the communique is sent. This would provide evidence of mailing, even if no receipt were thereafter obtained from the addressee confirming delivery.

We hold the cancellation provision is reasonably open to different constructions, one of which is that all notices of cancellation shall be sent by certified mail. The trial court evidently embraced that conclusion. Although the trial court filed no formal findings of fact or conclusions of law, the trial court remarked after hearing the evidence, "I think a layman would read that to require certified mail."

█ In this judge-tried case, the judgment is to be affirmed if it is correct under any reasonable theory supported by the evidence. *Richardson v. Collier Building Corp.,* 793 S.W.2d 366, 376[6] (Mo.App. 1990); *Richard's Original Long Creek Lodge v. Seymour Inn, Inc.,* 791 S.W.2d 944, 945[1] (Mo.App.1990).

█ The trial court could have properly found, as it inferably did, that the cancellation provision is ambiguous and could be reasonably understood by a layman to require all notices of cancellation be sent by certified mail. That construction is correct in this case, as ambiguities are resolved in favor of the insured. *Shelter Mutual Insurance Co. v. Brooks,* 693 S.W.2d 810,

811–12[2] (Mo. banc 1985). Defendant's point relied on is denied.

Judgment affirmed.

PREWITT, P.J., and PARRISH, J., concur.