Angela A. **ROBERTS,** Aleah Roberts and Rosina Roberts, Respondents,

v.

Elijah C. **ALFORD,** Appellant.

No. 59945.

Missouri Court of Appeals, Eastern District, Division Four.

June 2, 1992.

**332**

Larry D. Hale, Peoples, Hale and Coleman, St. Louis, for appellant.

Irvin Dubinsky, St. Louis, for respondents.

SMITH, Presiding Judge.

Defendant appeals from a judgment determining him to be the father of the two plaintiff children, awarding the plaintiff mother $8000 in back support, awarding future support of $300 per child per month, and awarding attorney's fees of $4500 to mother. We affirm. Defendant first challenges the sufficiency of the evidence to support the finding of paternity. Mother testified that she and defendant engaged in sexual intercourse three or four times a week for a twelve year period. She testified that defendant was her only sexual partner during that period and both children were conceived during that period. Blood test results were entered into evidence by stipulation but those results are not included in the record on appeal. We may in those circumstances conclude that the intendment and content of the exhibit is favorable to the trial court's ruling and is unfavorable to the appellant. *Doyle v. Doyle,* 786 S.W.2d 620 (Mo.App.1990) [1]. In 1978 mother brought a paternity action involving the first born daughter against defendant. That case was dismissed when defendant agreed to provide support for the daughter. Subsequently, defendant paid mother $65 per month until December 1986, when the present action was commenced.

In reviewing the judgment of the court we look to the evidence that supports the judgment and disregard that which is unfavorable to the judgment. *Division of Family Services v. Guffey,* 795 S.W.2d 546 (Mo.App.1990) [4, 5]. The favorable evidence establishes exclusive access to mother by defendant during the conception period, conduct by the defendant indicating acknowledgement of paternity of the first child and presumptively scientific evidence pointing to defendant as the father. We are entitled to disregard defendant's denial of access to the plaintiff and his explanation that he paid plaintiff because she was causing him trouble in his employment. Defendant also refers to plaintiff's testimony that she utilized birth control throughout the relationship. There was no evidence of the birth control utilized or the efficacy of the particular method utilized. The evidence is fully sufficient to support the finding of paternity.

Defendant next challenges the award of back support on the basis that it also is not supported by the evidence. The award covered the period from January

1987 to the date of the decree, a period of 62 months. The amount awarded divided by the months covered indicates an award of $129 per month or almost exactly double the $65 a month which defendant was voluntarily paying for the first child. Defendant makes no challenge to the amount of the future support which is more than four and one-half times greater than the back support monthly rate. The evidence establishes the defendant's earnings during the years involved and the absence of earned income by the mother. We find no error in the trial court's award of back support.

Defendant also challenges the award of attorney's fees on the basis that the court may not under its equitable powers award attorney's fees for that portion of the attorney's work which is attributable to the recovery of back support. The legal position is correct. *Robinett v. Robinett*, 770 S.W.2d 299 (Mo.App.1989) [18–20]. The difficulty, however, is that nothing in the record indicates that the trial court awarded attorney's fees for that aspect of the work. The record does not contain the time records of the attorney which were provided to the trial court and formed the basis for the award made. As previously indicated, in the absence of that material we may presume that those records would support the judgment given.

Finally, defendant premises error on the failure of the trial court to dismiss the action, at least as it pertains to the first child, because of an alleged settlement of the earlier action. Several answers are available to that contention, but it is enough to say that the evidence does not establish that an enforceable settlement agreement with specific terms was entered into. Plaintiff stated there was no settlement of the prior litigation, that she dismissed that action when defendant and his wife indicated that they would help support the child.

Judgment affirmed.

CRANE and AHRENS, JJ., concur.