**Terrina Renee SPENCER (Smith), Petitioner–Appellant,**

**v.**

**William Ray SPENCER, Respondent– Respondent.**

No. 18375.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 26, 1993.

Motion for Rehearing or Transfer
Denied Nov. 17, 1993.

granted their joint legal custody. William was ordered to pay Terrina monthly child support in the amount of $180 per child.

In February 1992, William filed a motion to modify the judgment. Terrina filed a "Cross–Motion to Modify," which requested an increase in child support. The trial court held an evidentiary hearing, and 15 witnesses testified. The transcript exceeds 300 pages. The trial court received into evidence nine exhibits offered by Terrina and three exhibits offered by William.

On August 13, 1992, the trial court entered the order which is the basis for this appeal. The order modified provisions of the original decree with respect to visitation of the children. With respect to Terrina's request for an increase in child support, the order recited that the court "has accorded due consideration to the presumed child support amount calculated in accordance with the Forms 14, Missouri Child Support Guidelines, submitted by both parties." The order further recited that the court found "application of the Form 14 presumed amount of child support to be paid by [William] would be inappropriate."

The decretal portion of the order included the following:

> [A]fter considering applicable law and the circumstances of the parties and minor children, including the income, expenses, and financial circumstances of both parties and the reasonable needs and best interests of the minor children, the original Decree of Dissolution of Marriage of September 30, 1991, is hereby modified as follows:
>
> 1. [William's] monthly child support obligation shall not be increased. However, [William] shall be fully responsible for all uninsured medical and dental expenses for said minor children....

Joanna V. Billingsley, Ozark, for petitioner-appellant.

---

FLANIGAN, Presiding Judge.

In September 1991, the marriage of Terrina Spencer and William Spencer was dissolved by judgment of the Circuit Court of Christian County. Terrina was awarded primary physical custody of two minor children, Dustin and Kodey, and the parties were

■ Terrina's sole point is that the trial court erred in failing to award child support in the total amount of $513 monthly for the support of the two children because that was the "presumed child support amount" shown on Form 14 filed by each of the parties.

The statement of facts portion of Terrina's brief makes no mention of the testimony of any witness. That statement contains only four sentences dealing with the evidence. Three of those sentences are to the effect that each party filed Form 14 and William filed his income and expense statement. The fourth sentence reads: "[William] presented no evidence to rebut the prima facie showing of changed circumstances made by [Terrina]."

"On appeal, a trial court judgment is presumed valid," *Delaney v. Gibson,* 639 S.W.2d 601, 604[4] (Mo.banc 1982), and the burden is on appellant to demonstrate incorrectness of the judgment. *Id.* When an exhibit is omitted from the transcript and is not filed with the appellate court, the intendment and content of the exhibit will be taken as favorable to the trial court's ruling and as unfavorable to the appellant. *Doyle v. Doyle,* 786 S.W.2d 620, 621 (Mo.App.1990). To similar effect see *Roberts v. Alford,* 832 S.W.2d 331, 332 (Mo.App.1992); *Skyles v. Burge,* 830 S.W.2d 497, 500[5] (Mo.App.1992).

"The role of Form 14 in a proceeding to modify a child support order is defined by § 452.370, RSMo Cum.Supp.1990, and Rule 88.01." *In re Marriage of Luna,* 855 S.W.2d 483, 485 (Mo.App.1993).[1]

Section 452.370, as amended 1990, provides, in pertinent part:

1. ... the provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.... If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and

continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

. . . . .

Rule 88.01 provides, in pertinent part:

. . . . .

(e) ... There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the amount of child support to be awarded in any judicial ... proceeding for ... child support. It is sufficient in a particular case to rebut the presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is correct if the court ... enters in the case a written finding or a specific finding on the record that the amount so calculated, after consideration of all relevant factors, is unjust or inappropriate.

Rule 88.01 requires a court, in determining the amount of child support to order, to consider "all relevant factors," including factors listed in the rule. The listed factors are: the financial resources and needs of the child, the financial resources and needs of the parents, the standard of living the child would have enjoyed had the marriage not been dissolved, the physical and emotional condition of the child, and the educational needs of the child.

The following exhibits were offered by Terrina and received into evidence by the trial court but have not been filed here: "Income and Expense Statement," screening data on Kodey Spencer from Christian County Health Department, screening data on Dustin Spencer from Christian County Health Department, letter from Missouri De-

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

partment of Social Services, William's 1991 tax return, and the earnings statement of William reflecting his "year to date" gross income.

The unfiled exhibits are taken by this court as favorable to the trial court's ruling and as unfavorable to appellant. It is possible, perhaps probable, that they or some of them bear on the factors mentioned in Rule 88.01. Terrina has failed to demonstrate that the judgment is incorrect. The order of August 13, 1992, imposed on William responsibilities, with respect to medical and dental expenses of the children, which were not contained in the decree of dissolution. A gratuitous review of the record on appeal discloses no plain error.

The judgment is affirmed.

PREWITT and CROW, JJ., concur.