STATE of Missouri, ex rel. DIVISION OF FAMILY SERVICES, and K— D— K—, a minor T— L— K—, Next Friend, Respondents,

v.

**Jerry BROWN, Appellant.**

No. 19749.

Missouri Court of Appeals,
Southern District,
Division Two.

April 4, 1995.

Rehearing Denied April 25, 1995.

Mark A. Kennedy, Poplar Bluff, for appellant.

No appearance for respondents.

CROW, Judge.

This is an action under the Uniform Parentage Act ("UPA"), §§ 210.817–.852.[1] The trial court heard evidence without a jury and entered judgment declaring Appellant the natural father of K— D— K— ("the child"). Appellant's brief endeavors to present four assignments of error, discussed *infra*.

■ As shown in the title of this action,[2] one of the parties bringing it was the State of Missouri on the relation of the Division of Family Services ("DFS"). As pointed out in *Division of Family Services v. D.M.*, 848 S.W.2d 583, 586–87 (Mo.App.W.D.1993), DFS is not authorized to bring an action under the UPA to determine the father and child relationship. The governmental agency authorized to bring such an action is the Division of Child Support Enforcement ("DCSE"). § 210.826; *D.M.*, 848 S.W.2d at 586–87.

However, Appellant does not attack the judgment on the ground that the action was not brought by DCSE. Moreover, § 210.826 allows such an action to be brought by the child. The title of this action shows the child (by a next friend) is one of the parties who brought it. Therefore, we need not consider what the consequences would have been had the State, on the relation of DFS, brought the action alone.

■ Appellate review of this court-tried case is governed by Rule 73.01(c) as construed in *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976). *Payne by Payne v. Delp*, 821 S.W.2d 582, 583 (Mo.App.S.D. 1992). The judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Payne*, 821 S.W.2d at 583[3]. We consider the evidence that supports the judgment and disregard the evidence unfavorable to it. *Roberts v. Alford*, 832 S.W.2d 331, 332[1] (Mo.App.E.D.1992).

The child was born November 14, 1981, to T— L— K—[3] ("the mother"). At that time, the mother was the wife of A— F— K—. She referred to him at trial by his middle name. We therefore refer to him as "F—" in this opinion.

The mother testified she separated from F— in June, 1977, and never returned to him. The mother avowed she was cohabiting with Appellant when the child was conceived. Her testimony:

---

1. The UPA was adopted in 1987. Laws of Missouri 1987, C.C.S.S.B. No. 328, pp. 646–53. That version was in effect when the petition in this action was filed (April 6, 1992). Several sections of the UPA were amended by Laws of Missouri 1993, H.C.S.S.S.S.B. No. 253, pp. 1130–61, while this action was pending in the trial court. The amendments are immaterial in this appeal.

2. Rule 81.03, Missouri Rules of Civil Procedure (1994), provides that the title of the action shall not be changed in consequence of the appeal.

Rule references in this opinion are to that version of the Rules.

3. T— L— K— is the next friend shown in the title of this action. Her surname changed to J— between the date this action was filed and the date of trial. This action was filed more than ten years after the child was born. No statute of limitations defense has been raised, hence we need not consider whether one existed. *See: P.L.K. v. D.R.K.*, 852 S.W.2d 366 (Mo.App.E.D. 1993).

"Q. And when did [Appellant] move in with you?

A. December.

Q. December of 1980?

A. Uh-huh.

Q. Okay. And did he ever move out?

A. Uh-huh.

Q. When?

A. In February of '81.

Q. So he was there for a period of three months?

A. Yes, sir.

.     .     .     .     .

Q. And during the months of December, January and February, were you having a sexual relationship with this man?

A. Yes, sir.

.     .     .     .     .

Q. During that time period, were you having any sexual relationships with anybody else?

A. No.

Q. When did you find out that you were pregnant?

.     .     .     .     .

A. It was either April or March.

.     .     .     .     .

Q. Did you inform him that you were pregnant?

A. Uh-huh.

Q. What was his response?

A. He told me to get an abortion."

■ Appellant's first two points relied on are based on a document identified at trial as Defendant's Exhibit A. A five-page document designated "Defendant's Exhibit A" appears in the legal file. The document is captioned "Final Decree of Divorce" and purports to have been signed July 2, 1985, by a judge of the District Court of Victoria County, Texas. The document grants a divorce to the mother and F___, identifies the child as one of two children of the marriage, and provides for custody and support of both children.

Appellant's first two points relied on are:

"I. The circuit court committed plain error in failing to give full faith and credit to the Texas district court decree of dissolution.

"II. The circuit court committed plain error in failing to hold the Texas dissolution decree as res judicata as to this paternity action."

It is arguable that both points fail to satisfy the "wherein and why" requirement of Rule 84.04(d). *See: Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978), referred to *infra* in our consideration of Appellant's fourth point. However, we need not determine whether the first two points comply with Rule 84.04(d). That is because Defendant's Exhibit A—the sole evidentiary basis for the first two points—was inadmissible.

Defendant's Exhibit A is obviously a photographic copy, not an original. It is not authenticated in compliance with § 490.130, RSMo 1986, hence it is ineligible for admission in evidence under that statute. *Overman v. Overman,* 514 S.W.2d 625, 633[7] (Mo.App.1974).

Appellant attempted to lay a foundation for admission of Defendant's Exhibit A by showing it to the mother and asking whether "that is your divorce decree." She replied it was. The mother confirmed the exhibit (a) named her and F___ as parties, and (b) identified the child and the mother's other child as "children born of the marriage."

When Appellant offered the exhibit in evidence, an assistant prosecutor (representing the State and the child) objected because "it's not certified." The assistant prosecutor elicited this testimony from the mother:

"Q. Did you ever go to Texas to get this divorce?

A. Huh-uh.

.     .     .     .     .

Q. How did you even know that you got divorced?

A. In the mail. They sent it to me."

The assistant prosecutor renewed his objection: "[T]here is no certified copy. There is nothing to show ... this is legitimate."

The trial court withheld ruling on the admissibility of Defendant's Exhibit A. No ruling appears thereafter in the record, and the judgment does not reveal whether the trial court received the exhibit or rejected it.

Inasmuch as the trial court declared Appellant the child's natural father, one might surmise the trial court concluded (a) Defendant's Exhibit A was inadmissible, and (b) without it, there was no evidence to support Appellant's contention that the Texas court's adjudication that the child was a child of the marriage between the mother and F— barred the trial court in this action from declaring Appellant the natural father. Such an assumption would be consistent with the rule that in a judge-tried case, the judge is presumed to have considered only proper evidence in reaching the judgment. *Shoemaker v. Shoemaker*, 812 S.W.2d 250, 256[14] (Mo.App.W.D.1991); *McCammon v. McCammon*, 680 S.W.2d 196, 202[12] (Mo.App.W.D. 1984).

However, *Welch v. Welch*, 633 S.W.2d 447 (Mo.App.W.D.1982), holds:

"Generally, the burden is on the party raising an objection to insist on a ruling. Should he fail to do so, it is assumed the objection has been overruled and the evidence is in the record for consideration the same as other evidence."

*Id.* at 449[3] (citations omitted).

Accordingly, we shall assume, arguendo, that we must decide this appeal on the premise that the trial court received Defendant's Exhibit A in evidence.

The trial court evidently concluded Defendant's Exhibit A did not compel the trial court to rule that Appellant is not the child's natural father. How the trial court reached that conclusion is a mystery we need not attempt to solve. That is because, as explained *infra*, Defendant's Exhibit A was inadmissible.

As pointed out earlier, Defendant's Exhibit A was ineligible for admission in evidence under § 490.130. Consequently, its admissibility hinged on the mother's testimony, quoted *supra*.

We find no case where a litigant attempted to lay the foundation for admission of a document purporting to be a copy of a court decree by showing it to a party and asking whether such party could identify it. However, there are cases where litigants have attempted to lay the foundation for admission of letters by asking the recipient of the letter to identify it. In *Crawford v. Metropolitan Life Ins. Co.*, 167 S.W.2d 915 (Mo.App.1943), the court held:

"The law is that the mere fact that a letter purports to have been written and signed by one with authority to do so is of itself insufficient to establish the authenticity and genuineness of the letter; however, there is a well recognized exception to that rule, which is that letters received in reply to other letters proved to have been sent to the party are admissible. This rests upon the presumption that letters are delivered to the person to whom addressed, and that the reply was written by him or by his authority."

*Id.* at 923[9] (citations omitted).

The same rule appears in *United Factories, Inc. v. Brigham*, 117 S.W.2d 662 (Mo. App.1938), *cert. quashed*, 344 Mo. 386, 126 S.W.2d 1173 (1939):

"The generally accepted rule is to the effect that the mere fact that a letter (other than a reply letter) purports to have been written and signed by the person in question is insufficient to establish its authenticity and genuineness."

117 S.W.2d at 665.

The instant case obviously differs from the two cited above in that Defendant's Exhibit A was a copy of a purported court decree, not a letter. However, like a letter, it came to the mother by mail. She did not reveal who sent it, and there was no evidence that she received it in reply to a letter she sent the Texas court.

Applying the rationale of *Crawford* and *United Factories*, we hold the authenticity of Defendant's Exhibit A as a copy of a decree of a Texas court was not established merely because that is what the exhibit purported to be. The mother's testimony did not authenticate it; all she testified to was that she received it by mail. That did not establish authenticity.

We therefore hold Defendant's Exhibit A was inadmissible. In our review of this judge-tried case, we disregard evidence improperly admitted. *Butcher v. McClintock,* 373 S.W.2d 917, 921–22[4] (Mo.1963). Accordingly, we do not consider Defendant's Exhibit A.

Without Defendant's Exhibit A, there is no proof of the purported Texas divorce decree, hence there is no evidentiary support for Appellant's first two points. They are, accordingly, denied.

■ Appellant's third point avers the trial court erred in admitting "Appellant's blood test" in evidence "without a proper foundation being laid."

At trial, the assistant prosecutor offered "Plaintiff's [sic] Exhibit No. 1" in evidence. We henceforth refer to it as "Exhibit 1." The assistant prosecutor described Exhibit 1 as "the blood test in reference to this case pursuant to statute." Appellant objected "to the hearsay" and "to the chain of custody."

The trial court announced it would withhold ruling pending an opportunity "to review the statute." As with Defendant's Exhibit A, the record does not reveal whether the trial court ultimately received or rejected Exhibit 1.

Exhibit 1 is not in the record on appeal and has not been separately filed with us as permitted by Rule 81.16. Consequently, all we know about it is what appears above.

■ It was Appellant's duty to submit a proper record containing all of the evidence necessary for a determination of the questions presented to this Court for decision. *Nolfo v. Dubin,* 861 S.W.2d 136, 138[2] (Mo. App.E.D.1993); *Environmental Quality Research, Inc. v. Mercantile Trust National Association,* 854 S.W.2d 500, 501[1] (Mo.App. E.D.1993). Because Exhibit 1 has not been submitted to us within the time required by Rule 81.16, we decline to consider Appellant's claim that the trial court erred in receiving it in evidence (assuming, arguendo, the trial court did receive it). *W & S Investment Company, Inc. v. Mushrush,* 669 S.W.2d 601, 604[5] (Mo.App.E.D.1984); *Bowers v. Bow-*

*ers,* 225 Mo.App. 1197, 35 S.W.2d 39, 43–44[5] (1931).

Appellant's fourth point is:

"The circuit court's judgment was against the weight of all credible evidence and therefore should be overruled."

Rule 84.04(d) reads:

"The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...."

■ The purpose of the rule and the necessity of obeying it are comprehensively discussed in *Thummel,* 570 S.W.2d at 684–88. As explained there, a point relied on should specify why the trial court's ruling was erroneous and inform the appellate court wherein the evidence supports the ruling advocated by the appealing party. *Id.* at 685.

Appellant's fourth point makes the unadorned assertion that the judgment was against the weight of all credible evidence. The point yields no clue as to why that is so and supplies no hint as to wherein the evidence warranted a different result. The point therefore presents nothing for review. *Strutton v. Huntington,* 847 S.W.2d 138, 143 (Mo.App.S.D.1993); *Looney v. Looney,* 771 S.W.2d 377, 378 (Mo.App.S.D.1989); *Best v. Culhane,* 677 S.W.2d 390, 394[4] (Mo.App. E.D.1984).

■ *Ex gratia* review for plain error per Rule 84.13(c) reveals no manifest injustice or miscarriage of justice. Missouri courts take judicial notice that the human gestation period is generally 280 days, although it may range up to 11 months. *Division of Family Services v. Guffey,* 795 S.W.2d 546, 550[5] (Mo.App.S.D.1990). As we have seen, the child was born November 14, 1981. The mother testified the pregnancy was a "normal term pregnancy." Counting backward 280 days from November 14, 1981, takes us to February 7, 1981. The mother testified the last time she "had sex" with Appellant was "the middle of February [1981]."

Furthermore, Appellant, although present at trial, did not testify. Failure of a party

having knowledge of the facts and circumstances vitally affecting the issues on trial to testify in his own behalf raises a strong presumption that such testimony would have been unfavorable and damaging to such party. *Spaeth v. Larkin*, 325 S.W.2d 767, 771–72[6] (Mo.1959).

There is other evidence supportive of the judgment which we need not recount. Applying the plain error standard, we hold reversal is unwarranted.

Judgment affirmed.

GARRISON, P.J., and PREWITT, J., concur.

## ON MOTION FOR REHEARING

PER CURIAM.

In a motion for rehearing, Appellant contends there was "a satisfactory foundation ... for the admissibility of Defendant's Exhibit A" in that it was "obtained by [Appellant] directly from the Assistant Prosecutor during the deposition of the child's mother." In support of this proposition, Appellant cites the following exchange, allegedly from the mother's deposition:

"[Appellant's attorney]—Do you have a copy of your Divorce Decree?

[Mother]—Yes; I do. Not with me.

[Appellant's attorney]—Would you furnish one of those to your lawyer so he can furnish it to me?

[Mother]—Yeah.

[Assistant Prosecuting Attorney]—I have a copy of it."

We need not decide whether the above dialogue would provide a sufficient foundation for admission of Defendant's Exhibit A. Evidence extraneous to the trial court record is not considered on appeal. *Crestwood Commons v. 66 Drive–In, Inc.*, 812 S.W.2d 903, 909[3] (Mo.App.E.D.1991). The mother's deposition is not part of the record, and there is no indication from the record that the above colloquy was presented to the trial court. Appellate review cannot be based on evidence not offered at trial nor included in the appeal transcript. *Asarco,*

*Inc. v. McNeill,* 750 S.W.2d 122, 130[5] (Mo. App.S.D.1988).

The motion for rehearing is denied.