David Paul GREGORY, Petitioner–
Respondent,

v.

**DIRECTOR OF REVENUE, STATE
OF MISSOURI, Respondent–
Appellant.**

No. 26757.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 5, 2005.

Jeremiah W. (Jay) Nixon, Attorney General, Erin M. Menley, Asst. Attorney General, Jefferson City, MO, for appellant.

Dennis P. Wilson, Dexter, MO, for respondent (no brief filed).

NANCY STEFFEN RAHMEYER, Judge.

The Director of Revenue ("Director") appeals the reinstatement of driving privileges to David Paul Gregory after they had been suspended by Director pursuant to section 302.505.[1]

■ Director brings one point on appeal; she claims that Gregory presented no evidence to contradict or otherwise rebut the prima facie case established by Director based on Gregory's strong odor of alcohol, his glassy and bloodshot eyes, his admission to an officer that he had drunk "quite a few beers," his statement to the EMT that he had drunk about ten beers, his admission to driving a vehicle after drinking, and his blood alcohol content (BAC) result of .126 percent. Gregory did not testify at the trial, nor did he file a brief in this court.[2] The only evidence at trial was the officer's testimony and the admission of Director's Exhibit A, which included Department of Revenue records and the narrative of the arresting officer.

■ In order for Director to revoke or suspend driving privileges for an alcohol-related offense, Director must prove by a preponderance of the evidence that (1) the person was arrested upon probable cause to believe he was committing an alcohol related driving offense and (2) that the person driving had a BAC of .08 percent by weight. Section 302.505.1; *Middlemas*

*v. Director of Revenue, State of Missouri*, 159 S.W.3d 515, 517 (Mo.App. S.D.2005). The trial court found that Director failed to meet the required burden of proof to suspend Gregory's driving privileges because Gregory was not arrested for driving while intoxicated (DWI) and the officer, by his own testimony, acknowledged that he did not have probable cause to arrest him for driving while intoxicated. Although the trial court did not make a specific finding as to Gregory's BAC, Director's Exhibit A, indicating that Gregory's BAC was .126 percent, was admitted without objection. As noted, Gregory presented no evidence to raise a genuine issue of fact as to the validity of the BAC test results. Likewise, there is no issue as to whether Gregory was arrested, therefore, at issue then is whether Gregory was arrested upon probable cause to believe he was committing an alcohol-related driving offense.

■ The judgment of the trial court will be upheld unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). Our standard of review does not permit us to disregard uncontroverted evidence that supports Director's contention that all the elements were proved. *Myers v. Director of Revenue*, 9 S.W.3d 25, 28 (Mo.App. E.D.1999); *Hopkins–Barken v. Director of Revenue*, 55 S.W.3d 882, 885 (Mo.App. E.D.2001). In other words, we need not defer to the

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. "Failure of a party having knowledge of the facts and circumstances vitally affecting the issues on trial to testify in his own behalf raises a strong presumption that such testimony would have been unfavorable and damaging to such party." *State ex rel. Div. of*

*Family Services v. Brown*, 897 S.W.2d 154, 158–59 (Mo.App. S.D.1995). Although the failure of Gregory to testify cannot be treated as independent evidence of a fact otherwise unproven, it can be considered in measuring the credibility or probative force of the evidence presented. *Stringer v. Reed*, 544 S.W.2d 69, 74 (Mo.App.Spfld.D.1976).

trial court's findings when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict. *Marsey v. Director of Revenue*, 19 S.W.3d 176, 177 (Mo. App. E.D.2000). Furthermore, it is important to note that once Director makes a prima facie case, the burden of production shifts to the driver even though Director retains the burden of proof throughout the proceedings. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 546 (Mo. banc 2003).

■ "Probable cause exists when the facts and circumstances warrant a person of reasonable caution to believe that an offense has been or is being committed, based on the circumstances as they appear to a prudent, cautious and trained police officer." *Walker v. Director of Revenue*, 137 S.W.3d 444, 446 (Mo. banc 2004). A cursory look at Director's Exhibit A indicates several indicia of intoxication. Gregory was involved in a motor vehicle accident between 2:00 a.m. and 3:00 a.m., when he hit a tree; he was transported by ambulance to Missouri Southern Healthcare in Dexter, Missouri. He stated he had not consumed any alcoholic beverages since the accident but he indicated to the emergency personnel that he had consumed about ten beers. When the officer contacted Gregory, he indicated he had been drinking, and "had quite a few" and admitted he should not have been driving and took his eyes off the road when the accident occurred. Prior to arrest, the officer observed a strong odor of alcohol on Gregory and noted bloodshot and glassy eyes.

■ The evidence from the exhibit alone containing admissions of Gregory, the observations of the officer, and the statements of the medical personnel provide probable cause for a reasonably prudent police officer to believe that Gregory was committing an alcohol-related driving offense. Here, the trial court also had the benefit of the officer's testimony. The officer testified as follows: Gregory advised that he had been in an accident just after he left his girlfriend's house; they had been having some personal problems and he had been drinking. Gregory stated, "I had quite a few. I shouldn't have been driving. I was trying to get home. I took my eyes off the road. I looked up and I was sliding toward a tree." There was a strong odor of an alcoholic beverage from Gregory's breath as he spoke to the officer; Gregory's eyes were bloodshot and glassy; and Gregory indicated that he had not had anything to drink subsequent to the accident.

In the judgment, the trial court stated, "the officer by his own testimony acknowledged that he did not have probable cause to arrest [Gregory] for driving while intoxicated"; however, the officer was asked about probable cause for a DWI on direct examination:

Q. So that evening of July 29, 2003, an arrest for driving while intoxicated was not made on this Mr. Gregory; is that right?

A. That is correct.

Q. Did you feel that you have probable cause to believe he was DWI that night?

A. Yes, I did.

Q. Okay. The only actual arrest that had occurred was for leaving of the scene?

A. That's correct.

Gregory did not cross-examine the officer. Clearly, Director made her prima facie case and the officer's testimony does not satisfy Gregory's burden of production.

We, therefore, reverse the circuit court's judgment and remand the case with di-

rections to enter a judgment sustaining Director's suspension of Gregory's license.

PREWITT, P.J., and PARRISH, J., concur.